Thomas H. Gaither *vs.* Henry J. Williams, and others.

*Construction of a Deed of Trust—Exercise of Power of Revocation of a Deed of Trust by the Execution of Mortgages of the Land Conveyed, by Husband and Wife, without Reference in terms to the Power—Title acquired by Purchaser under Sale of Mortgaged Premises.*

On the 16th October, 1855, H. W. and wife conveyed land in A. A. Co. to A. J., his heirs and assigns, in trust for the use of the wife during her natural life, and in case H. W. survived her, to him for his natural life, and whichever of them survived the other and remained unmarried, then at his or her death, for such of the children of H. W. and wife and their heirs, and in such proportions, as such survivor might by last will and testament name, limit and appoint, and in case of the marriage of the survivor, then at the death of such survivor, for the use of the children of H. W. and wife and their heirs equally, and in default of any such children or their descendants living at the time of the death of such survivor, then in trust for the right heirs of such survivor; and also in further trust, that A. J. should " unite with H. W. and wife in any conveyance of the whole or any part of said property upon such, or further trusts of said property, which they may request and direct, even to the entire revocation of the trusts herein and hereby created, (full power of revocation, as to the whole or any part of said property by deed, to said H. W. and wife being hereby expressly reserved.) " In 1871 and 1874, H. W. and wife executed two mortgages of the land conveyed by the deed of trust. These mortgages were in the usual form, and conveyed the whole property in fee simple, provided for its sale in case of default, and directed the surplus after paying the debts, to be paid over to H. W., his heirs and assigns. These mortgages were afterwards assigned to T. G., and default having been made, the property was sold under the mortgages, and T. G. became the purchaser. The sale was finally ratified by the Court below, and a deed made to T. G. by the trustee appointed by the Court. H. W. and wife refused to surrender possession of the premises. In a

40          v. 57.

proceeding by T. G. for the quieting of his title and possession, it was HELD:

1st. That full power to revoke the deed of trust by their deed was expressly reserved therein to H. W. and wife.

2nd. That the mortgages executed by H. W. and wife, of themselves worked such revocation, notwithstanding no reference in terms was made to this power in these instruments; that A. J's title was thereby extinguished; and that T. G. under the sale of the property ratified to him, acquired the same discharged of all right, title or interest of any of the parties claiming under said deed of trust.

APPEAL from the Circuit Court for Anne Arundel County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ROBINSON, IRVING and RITCHIE, J.

*John Wirt Randall,* and *J. J. Donaldson,* for the appellant.

The mortgages operated as a complete revocation of the trusts in the deed of October 16th, 1855, and the appellant, as purchaser at the mortgage sale, took a full fee simple title.

This power could be executed by the deed of Williams and wife, without the joinder of the trustee. The words of the power are: "Full power of revocation, as to the whole or any part of said property, *by deed,* to said Henry and Priscilla, being hereby expressly *reserved.*" The use of the word "reserved," shows beyond a doubt, that this is the proper construction, as well as the fact that there had been already a provision for the uniting of the trustee with them in conveyances, "even to the entire revocation of the trusts herein and hereby created." It is as if the power had been written "full power of revo-

cation by deed, as to the whole or any part of said property, being hereby expressly reserved to said Henry and Priscilla."

This Court has held that powers are to be liberally construed according to the intention of the party and to advance rights. *Pearce vs. Van Lear,* 5 *Md.,* 85.

The mortgages were a valid execution by deed of the power.

(*a.*) They embrace the *subject* of the power, and this makes a deed as valid an execution of a power, as if the power were in terms referred to. *Smith vs. Adkins,* 14 *L. R. Eq.,* 402 ; *Carroll's Lessee vs. Llewellin,* 1 *H. & McH.,* 162 ; *Morey vs. Michael,* 18 *Md.,* 227 ; *Coryell vs. Dunton,* 7 *Barr.,* 530 ; *Hunloke vs. Gill,* 1 *Russ. & M.,* 515 ; *Society vs. Clendenen,* 44 *Md.,* 435 ; 4 *Kent Comm.,* [334;] *Morgan vs. Insman,* 1 *Taunt.,* 289 ; *Cooke vs. Farrand,* 2 *Marsh.,* 421 ; *Carver vs. Richards,* 6 *Jur., N. S.,* 410 ; *Sugden on Powers,* ch. 6, sec. 7, 32-3–35–6, 57 ; 1 *Story's Eq. J.,* 174 *a.*

(*b.*) The only means of disposition the mortgagors had of the lands, was under the power, the conveyances could only go into effect as executions of the power, and therefore they will be held valid executions of it. *Sugden Powers,* ch. 6, sec. 8, 2–10, 11, 12 ; 4 *Cr. Dig.,* 197, 200, sec. 36 ; *Bradish vs. Gibbs,* 3 *Johns. Ch.,* 551 ; *Benesch vs. Clark,* 49 *Md.,* 497, 507 ; *Standon vs. Standon,* 2 *Vesey,* 589 ; *S. C.,* 6 *Bro. P. C.,* 193 ; *Hougham vs. Sandys,* 2 *Sim.,* 95 ; *Maples vs. Brown, Ibid,* 327, and cases already cited. *Goodman vs. Stockett,* 47 *Md.,* 54.

(*c.*) The uses limited in the mortgages (powers of sale, disposition of balance, &c.,) are utterly inconsistent with those limited in the deed of 1855, and can only take effect if the mortgages are taken as a complete revocation of the former uses.

(*d.*) That they are mortgages and not absolute deeds, makes no difference. A mortgage is a valid and complete

execution of a power of revocation by deed, if the equity of redemption be reserved to the grantor, and not merely a revocation *pro tanto.* *Sugden on Powers, sec.* 6, 20–26 ; *Lancaster vs. Dolan,* 1 *Rawle,* 231, and cases already cited.

Even of a power to sell and convey a mortgage is a good execution. *Price vs. Bigham's Ex'rs,* 7 *H. & J.,* 296 ; *Tiernan vs. Poor,* 1 *G. & J.,* 216 ; *Brundige vs. Poor,* 2 *G. & J.,* 1 ; *Berrett vs. Oliver,* 7 *G. & J.,* 191 ; *Helms vs. Franciscus,* 2 *Bl.,* 54.

If it be held that the power has been defectively executed by non-joinder of Jarrett or otherwise, a Court of Chancery will supply the defect in aid of the appellant, who gave a valuable consideration. 4 *Cr. Dig., Tit.* 32, *ch.* 18, *sec.* 17, and cases there cited. *Sugden on Powers, ch.* 10, *sec.* 3, and cases there cited.

But even if there be an outstanding, legal estate in Jarrett, it is a mere dry estate, and it is his duty to convey it to the appellant. *Hill on Trustees,* 278, 279, *ad fin.; Goodson vs. Ellison,* 3 *Russ.,* 283 ; *Holford vs. Phipps,* 3 *Beav.,* 434 ; *England vs. Slade,* 4 *T. R.,* 682 ; *Angier vs. Stannard,* 3 *M. & K.,* 571.

So far does the principle go, that such a conveyance will be presumed after a lapse of time, even in a Court of law. *Hill on Trustees,* 253, 254 ; *Noel vs. Bewley,* 3 *Sim.,* 103 ; *Matthews vs. Ward,* 10 *G. & J.,* 443.

*J. Q. A. Jones,* and *F. H. Stockett,* for the appellees.

The deed of trust conveys and vests in the trustee, Jarrett, all the legal estate of the grantors. *Doe vs. Martin,* 4 *Durn. & East,* 39–64 ; *Matthews and Ward,* 10 *Gill & John.,* 449 ; *Ware vs. Richardson,* 3 *Md.,* 549 ; *Leonard's Lessee vs. Diamond,* 31 *Md.,* 541 ; *Brown and Wife vs. Renshaw,* 57 *Md.,* 67.

If the *legal estate* in said lands was vested by the deed of trust of the 16th of October, 1855, then the only interest Williams and wife *had* was an *equitable life estate* or

*trust in chancery*, with the right of appointment by Mrs.
Williams, by a *testamentary paper*, to such *children* of her
and her then husband as she should "name, limit and
appoint" in such paper ; and if she, Mrs. W., should die
without such appointment, and Williams, the husband,
survive, then to such children as *he*, by a like testamen-
tary writing, should "name, limit and appoint;" and
upon their failure so to appoint, to the then children
equally.   *Doe vs. Martin*, 4 *Durn. & East ; Green vs.
Green*, 23 *Wallace*, 487 ; *Leonard's Lessee vs. Diamond*,
31 *Md.*, 541 ; 2 *Crabb's Law of Real Property*, 508 ; 3 *Md.*,
458 ; *Whetstone vs. St. Bury's*, 2 *P. Wms.*, 146.

Williams and wife had then no power to bind, by any
writing they should execute, any other interest in that
property than their equitable life estate.   That estate
they mortgaged to Glenn and Turnbull, and by so doing
conveyed all the estate they could control, even if they
could do this.   *Whetstone vs. St. Bury's*, 2 *P. Wms.*, 146.

The clause of revocation in said deed of trust reserved
by Williams and wife, to be exercised by them and the
trustee upon their request in writing only, does not
authorize and empower *them alone* to destroy the trusts of
the deed.   Has *their* mortgaging the property effected it ?

The legal estate, whether a "dry" or active one, is in
Jarrett, the trustee.   *Hill on Trustees*, 230 ; *Ware vs.
Richardson*, 3 *Md.*, 449——that in Mrs. Williams, and her
husband, if he should survive her, is an equitable life
estate.   *Hill on Trustees*, 230——and the remainder is in the
trustee for the children of Mrs. and Mr. Williams, a vested
remainder in fee, subject to be divested upon the naming,
limiting and appointing by Mrs. Williams by a writing
like unto a will, executed in the presence of at least two
witnesses, or by H. J. Williams, upon her default, if he
be the survivor.   *Sugden on Powers*, (1st *Amer. Ed.*,) 150,
151 ; *Osbrey vs. Bury*, 1 *Ball & Beatty*, 53 ; *Cunningham
vs. Moody*, 1 *Vesey*, 174 ; *Doe vs. Martin*, 4 *Durn. & East*,
65, 67, 69, 70.

No valid conveyance of that property, passing all the varied interests therein created by said deed of trust, can be executed without the uniting therein of Mr. and Mrs. Williams, the trustee Jarrett, and the *children* of Mr. and Mrs. W., unless a conveyance thereof be decreed by a Court of equity upon competent proof and under such circumstances as the Court should deem proper and wise for the benefit of all interested therein.

The mortgages referred to were executed by Mr. and Mrs. Williams only, in the presence of *one witness* only and are utterly *null* and *void*, no authority or power to mortgage being delegated by said deed of trust, or *reserved* by the grantors for such purpose. *Green vs. Green*, 23 *Wallace*, 487; *Huntt & Ives vs. Townsend*, 31 *Md.*, 338; *Dolan & Foy vs. Mayor and City Council of Baltimore*, 4 *Gill*, 405, 406.

For the sake of the argument, assume that the trust deed to Jarrett is revocable. It is so only upon the conditions therein named, and for the purposes therein mentioned. To effect it and justify it, several equitable circumstances must exist, viz., Mr. and Mrs. Williams must be inclined to revoke, and must *request* it of the trustee in writing; then the trustee having a *discretion* as to *the revocation*, as he has as to Mr. and Mrs. Williams' occupancy of the estate, must *carefully* and discreetly exercise, and use it only to promote the general welfare of those whose rights and interests are entrusted to him. He is an *active* trustee, invested with more than a dry legal title. *Wormley vs. Wormley*, 8 *Wheaton*, 421; 5 *Peter's Con. Rep.*, 479 and 481.

Again, the revocation clause in that deed must be construed altogether as a whole, not in separate parts; and taken together, it means that the trustee can unite in a revocation only for the purpose of selling the property in part or wholly, that the proceeds of sale may be re-invested.

Examine the power of revocation reserved by the grantors, and see if the act of sale of the property and that of re-investment of the proceeds can be separated. Certainly not. It is conditional only. *Doe vs. Martin,* 4 *Durn. & East,* 66; *Wormley vs. Wormley,* 5 *Peters' Con. Rep.,* 481.

In this case there is no *pretence* that Williams and wife intended to *invest* the money borrowed upon their mortgages, upon "*such* or *further* trusts," as provided for and limited by said deed, so that by implication even a Court of equity cannot aid the appellant to secure himself, as was said in *Tyson vs. Latrobe,* 42 *Md.,* 339.

In the deed of trust, words of *inheritance are found,* showing conclusively that the trust created by the deed is a continuing one; investing the legal estate in Jarrett, "to him, and his heirs." Thus no acts of Williams and wife, or Jarrett uniting with them, or of him alone, can defeat the intention of that deed, or divert that *property* from the children of Williams and wife. *Leonard's Lessee vs. Diamond,* 31 *Md.,* 541; *Doe vs. Martin,* and *Wormley vs. Wormley.*

It is admitted that Courts of equity have power and authority under certain circumstances to decree the production of suppressed deeds, and to compel the execution of others when destroyed or lost. 1 *Story's Equity,* secs. 84 and 252.

But they will not interpose their powers when the suppressed, lost or destroyed deed contains trust interests. *Dalston vs. Coatsworth,* 1 *P. Williams,* 730.

Had Williams and wife, in executing the mortgages aforesaid, designed to "revoke" the deed of trust to Jarrett, they should have specifically designated their intention by alluding to said deed and the reservations therein. No other execution of said power is valid and sufficient. *Benesch vs. Clark & Bramble, Adm'rs,* 49 *Md.,* 506, 507; *Md. Mut. Ben. Society of B. M. vs. Clendenin, Adm'r,* 44

*Md.*, 434; *Sugden on Powers*, 301, 303; 4 *Kent's Cons.*, 335; 1 *Story's Cir. Ct. Rep.*, 427.

But Williams and wife could not revoke said deed without Jarrett, the trustee, uniting with them, which he did not do. The mortgages, therefore, are null and void, and this Court should so declare. As to the injunction prayed for against the defendants, the answers deny the alleged grounds for the issuing thereof, and no proof is brought to the Court's notice sustaining the allegations that certain defendants are disturbing appellant's possession and slandering his title to said lands. No such injunction will, therefore, be granted. Neither is he entitled to a decree against the defendants of "*quia timet*" as stated and prayed for, as his possession has not been disturbed. *Sept. Law Register*, 1881, *p.* 562, and authorities there quoted.

RITCHIE, J., delivered the opinion of the Court.

On the 16th day of October, 1855, Henry J. Williams, and Priscilla, his wife, two of the appellees, conveyed certain lands lying in Anne Arundel County, to Abraham L. Jarrett, his heirs and assigns, in trust for the use of the said Priscilla during her natural life, and in case said Henry survived her, to him for his natural life, and whichever of them survived the other and remained unmarried, then at his or her death for such of the children of said Henry and Priscilla, and their heirs, and in such proportions, as such survivor, might by last will and testament, name, limit and appoint, and in case of the marriage of the survivor, then at the death of such survivor, for the use of the children of said Henry and Priscilla, and their heirs equally, and in default of any such children or their descendants living at the time of the death of such survivor, then in trust for the right heirs of such survivor. And also in further trust, that said Jarrett should "unite with the said Henry and Priscilla in any conveyance of the whole or any part of said property upon such or further

trusts of said property, which they may request and direct even to the entire revocation of the trusts herein and hereby created, (*full power of revocation, as to the whole or any part of said property by deed, to said Henry and Priscilla, being hereby expressly reserved.*")

The material question in this controversy is, whether the power of revocation reserved to Williams and his wife in the last clause of the trust first mentioned, was exercised by them in executing the mortgages to Glenn and Turnbull respectively, of which the complainant became the assignee.

The mortgage to Glenn was executed by said Williams and wife, on the 23rd day of May, 1871, to secure the payment of $7500, according to the tenor of several promissory notes of even date with the mortgage, drawn by said Henry J. Williams to the order of said Glenn. This mortgage conveys the identical property previously conveyed in the deed of trust, the grant being of it as a certain *piece or parcel of land,* (describing it,) with all the buildings and improvements thereupon, and the appurtenances thereof, to said Glenn, his heirs and assigns, *in fee simple.* Among the covenants, is one by the said Henry J. Williams to keep the buildings insured against fire to the amount of $7000, and to so frame the policy of insurance, that in case of loss it shall enure to the benefit of the said John Glenn, to the extent of his claim. It is further agreed, that if the said Henry J. Williams, his heirs or assigns, shall sell any of the property lying east of the Baltimore and Potomac Railroad, for a sum not less than $1000, the said Glenn, or his legal representatives, shall unite in the deed to the purchaser, with the privilege of retaining the purchase money, as a partial payment on account of the mortgage debt. And it is further provided, that in case of any default, the said Glenn, his representatives or assigns, are authorized and empowered to *sell all the property,* or so much as may be necessary,

and apply the proceeds of sale, first, to expenses and commissions; secondly, to the payment of all the indebtedness owing under the mortgage, "*and as to the balance, to pay it over to the said Henry J. Williams, his heirs or assigns.*"

On the 5th day of September, 1874, Williams and wife executed a second mortgage, to one Turnbull, to secure an indebtedness of $2500 to him, which is similar in its covenants and provisions to the one to Glenn.

These mortgages duly devolved by assignment upon Thomas H. Gaither, the complainant; and default having been made, the property, according to the conditions of the mortgages, was sold by him, and he became the purchaser of the property. This sale was finally ratified by the Circuit Court for Anne Arundel County in equity, on the 18th day of July, 1877, and the said Gaither received a deed of the property from J. J. Donaldson, Esq., who had been appointed by the Court to so convey the same.

The defendants having resisted the complainant's right to the possession of the premises, setting up the claim that no estate was passed by the mortgages, but the uses limited for life to said Williams and his wife, respectively, by the deed of trust; and that the latter instrument remained in full force and effect as to the trusts therein contained for the children of said Henry and Priscilla, the complainant instituted his present suit for the quieting of his title and possession, on the ground that there had been an entire disposition of the property mentioned in the deed of trust by the said deeds of mortgage, and that as the effect thereof, all the right, title and interest in the said property of the said Williams and wife, their said children and the said trustee Jarrett, who are the present defendants, had passed to him under the exercise of the power of sale contained in the mortgages, and the ratification of the sale by the Court. The assertion of

the right to the reversion on the part of the said children of Williams and wife, complained of in the bill, is expressly relied upon by these defendants in their answer to the bill of complaint.

As in respect to the verbal construction of the deed of trust, it is our opinion, that, full power to revoke the same by their deed is expressly reserved therein to the said Williams and wife, the issue in this case is, whether the said mortgages of themselves worked such revocation, notwithstanding no reference in terms is made to this power in these instruments. That such was the operation and effect of these deeds of mortgage we entertain no doubt, in the light of the received decisions indicating how such a power may be exercised.

In 1 *Story's Eq. Juris.*, 174 (*a*), it is laid down, that, "where the intention to pass the property comprised in the power is clearly established, the Court will give effect to the intention, although there is no intention expressed to act in execution of the power."

In 4 *Kent's Com.*, 371, it is stated: "The power may be executed without reciting it, or even referring to it, provided the act shows that the donee had in view the *subject* of the power."

In *Blagge vs. Miles*, 1 *Story's C. Ct.*, 427, the Court in discussing the execution of powers, says, "All the authorities agree, that it is not necessary that the intention to execute the power, should appear by express terms or recitals in the instrument. It is sufficient that it shall appear by words, acts or deeds, demonstrating the intention;" and continuing, "Three classes of cases have been held to be sufficient demonstrations of an intended execution of a power; (1) Where there has been some reference in the will or other instrument to the power; (2) Or a reference to the property which is the subject on which it is to be executed; (3) Or where the provision in the will or other instrument, executed by the donee of the power, would

otherwise be ineffectual or a mere nullity; in other words, it would have no operation, except as an execution of the power."

This Court in a late case, *Foos vs. Scarf, et al.*, 53 *Md.*, 309, expresses the same view thus: "The rule by which the execution of a power either by a will or any other instrument is to be determined is well settled. The intention to execute the power must appear by a reference in the instrument to the power, or to the subject of it, or from the fact that the instrument would be inoperative, without the aid of the power." *Mory vs. Michael*, 18 *Md.*, 227; *Society of Red Men vs. Clendinen*, 44 *Md.*, 429; See also 4 *Cr. Dig.*, 240, 245, 249.

The objection that a mortgage being regarded in equity simply as a security for a debt, it will operate merely as a revocation *pro tanto*, does not apply in the present instance, because there is not only in these mortgages a grant in fee simple of the land itself, and a power of sale, but a disposition of the residue of the proceeds of sale, after paying the mortgage debt, wholly inconsistent with the dispositions and uses of the deed of trust. As is said in 1 *Sugden on Powers*, 360, "But where there is not only a mortgage, but an ulterior disposition inconsistent with the former (uses,) it will operate even in equity as a total appointment or revocation, unless there be a declaration that it shall be an appointment or revocation only *pro tanto*."

As to the legal estate created in Jarrett, the trustee, by the deed of trust, the power of revocation being reserved in express terms in the same instrument, his title is subjected to the operation of this power whenever exercised; and this power of revocation having been exercised by the execution of the mortgages, duly signed, sealed, witnessed and acknowledged as deeds, and by whose terms, as has been seen, they convey the whole property in fee simple, provide for its sale in case of default, and direct

Gaither *vs.* Williams, *et al.*

the surplus after paying the debt to be paid over to the said Henry J. Williams, his heirs and assigns. Jarrett's title was thereby extinguished. Even if we considered an outstanding legal title to be still in the trustee, equity will aid a defective execution of a power. 1 *Story's Eq. Juris.,* 171, 172, 173, 174; 2 *Sugden on Powers,* 136. But, as we have stated, the deeds of mortgage being in their provisions incompatible with the disposition of the property made by the deed of trust, and operating the execution of the power of revocation, to which revocation the grant to Jarrett, as trustee, with the uses and trusts by the deed created, were made subject; there is no need of a deed of conveyance from him to complainant to perfect his title.

In accordance with this expression of our views of the case, we must reverse the *pro forma* decree taken against the complainant, and remand the cause, that a decree may be passed by the equity Court below, in conformity with this opinion, adjudging and determining that the complainant under the sale of the property ratified to him acquired the same free, clear and discharged of all right, title or interest of any of the parties defendant, in the property described in said mortgages, which they might have had under said deed of trust, and enjoining them, and each of them, from setting up any claim or title to said premises as against the complainant, under or by virtue of said deed.

<div align="right">

*Decree reversed, and
cause remanded.*