(Decided 10th May, 1889.)

---

WILLIAM W. MINES *vs.* CHARLES A. GAMBRILL, and others    CHARLES A. GAMBRILL, and others *vs.* WILLIAM A. MINES.

*Construction of Will—Equitable Life estate—Power of Appointment—Failure of Execution of Power.*

A testator by the residuary clause of his will gave the residue of his estate to his six children, naming them, subject, however, among other things, to the share of his daughter A. M. in a

trust estate created by a subsequent clause of the will; and provided that, "should any or either of said children die before me leaving issue of his or her body, the share of any such child shall be equally divided among his or her issue; but in the event of the failure of issue of any deceased child, then his or her—— shall descend to my heirs according to the course of descents of the property of intestates under the laws of this State." A subsequent clause gave all the share or proceeds of his estate to which his daughter A. M. should be entitled under his will, in special trust for her use, "for and during her natural life, and from and immediately thereafter the said share, * * to be taken, possessed, and enjoyed by such person or persons as she in her last will and testament may appoint." A. M. died after her father, without issue, leaving a will whereby she bequeathed all her property, of every description, absolutely to her husband. HELD:

That A. M. took an equitable life estate under her father's will, with the power of appointment; that her will was not an execution of the power of appointment; that the equitable reversion vested in the next of kin of the testator; and that A. M. having survived him, she took a child's share which passed under her will.

APPEALS from the Circuit Court for Frederick County, in Equity.

Charles A. Gambrill by his last will and testament, after making certain devises of real estate, directed that the residue of his property should be sold by his executors; and then, after giving several legacies, he disposed of the remaining portion of his property. This disposition of his property, so far as it concerns any question in this case, was effected by the seventh and ninth clauses of the fourth item of his will. The seventh clause is as follows: "All the rest and residue of the proceeds of my estate I give and bequeath to my six children, namely: Ann Margaret, Maria Louisa, Albert, Mary, Richard A., and Charles A. Gambrill, to be divided equally between them; subject, however, to the charges herein before directed to be made against my said daughter, Ann

Margaret, and against my said daughter, Maria Louisa, should she agree to accept the house and lot of ground, furniture, etc., as aforesaid; and against my son, Albert, should he consent to accept the mill property, as aforesaid, and subject also to the shares of my daughters, Mary and Ann Margaret, to the trust estate hereinafter created, and should any or either of said children die before me leaving issue of his or her body, the share of any such child shall be equally divided among his or her issue; but in the event of a failure of issue of any deceased child than his or her —— shall descend to my heirs according to the course of descents of the property of intestates under the laws of this State." The ninth clause is quoted in the opinion of the Court.

Patrick H. Macgill was appointed trustee in the stead of the two trustees named in the ninth clause. The Ann Margaret, above mentioned, married Samuel L. Richardson, and being divorced from him, afterwards married Wm. W. Mines. She died in April, 1886, having first executed a last will and testament in the following terms:

"This indenture made this twenty-eighth day of December, 1885,

"Witnesseth, That I, Ann Margaret Mines, being in moderate health and sound mind, do make this, my last will and testament as follows:

"I will and bequeath to my beloved husband, Wm. Wilson Mines, all my property of every description absolutely; and I hereby appoint the said Wm. Wilson Mines sole executor to carry out the provisions of this will. And I revoke all former wills, and declare this as my last will and testament, and to which my name and seal are attached.

"ANN MARGARET MINES. (Seal.)"

After her death, Macgill filed a bill in equity against the children of Charles A. Gambrill, who survived the

testator. and against Wm. W. Mines, and prayed the Court to determine by its decree the rights of the different parties to the property bequeathed to Ann Margaret, or in trust for her, by the will of her father. The Circuit Court decreed that Ann Margaret took an equitable life estate with the power of appointment; that her will was not a valid execution of the power; and that the property vested in the next of kin of Charles A. Gambrill; and that Mines, in right of his wife, was entitled to a share of it equal to that of any one of Charles A. Gambrill's children, who survived him. Mines appealed, and the children of Gambrill appealed also.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, and BRYAN, J.

*Frederick J. Nelson,* and *I. Nevett Steele,* for William W. Mines.

*William P. Maulsby, Jr.,* and *Charles W. Ross,* for Charles A. Gambrill, and others.

BRYAN. J., after stating the case as above reported, delivered the opinion of the Court.

Mrs. Mines, at the time of her death, owned no real estate. Certain personal property belonged to her absolutely, in addition to whatever rights she might be entitled to claim under her father's will. The seventh clause of the fourth item of this will clearly shows that the money left to her was to be held in trust, and that the trust was to be declared in a subsequent part of the will. It was declared in the ninth clause, which is in these words: "I give and bequeath to my friends, John H. Williams and Edward Shriver of Frederick City, in the State of Maryland, all the share or proceeds of my estate, to which my daughter, Ann Margaret, shall be

entitled under this, my last will and testament, in special trust and confidence nevertheless, to invest the same in some safe security, or securities, and to hold the same with all the interests and dividends accruing therefrom, to, for, and upon the following uses and purposes, that is to say: To suffer and permit my said daughter, Ann Margaret, to take for her own use and upon her sole receipts, the incomes, or interest and dividends thereof, without anticipation, as they may be due and payable, for and during her natural life, and from and immediately thereafter their said share, or the investments thereof to be taken, possessed, and enjoyed by such person, or persons as she, in her last will and testament may appoint, except to Samuel S. Richardson, her former husband, and any bequest or devise she shall make to him, or for his use and benefit, either directly or indirectly, shall wholly fail, and be of no effect; but such bequest or devise shall descend to such person or persons who would have taken the same under the laws of this State had she died intestate, and this I do, not as in any way reflecting upon my daughter, whose conduct towards him stands entirely above reproach, but from a wish to secure her from all annoyance that might occur from the suggestions of a base and cunning man. In all other respects I leave her perfectly at liberty to will her property as her best judgment and affection may dictate." It will be seen that the equitable estate is given in clear and unmistakable terms to Ann Margaret, *"for and during her natural life,"* with the power of appointment by last will and testament in favor of any person, or persons, except her former husband. The case of *Benesch vs. Clarke,* 49 *Md.,* 504, distinctly determines that where property is devised or bequeathed to a person generally or indefinitely with power of disposition, the gift carries the entire estate; but where the gift is in express terms for life, the power does not enlarge the life estate into an absolute interest,

but it remains simply as a power annexed to the estate, by which it is competent to dispose of the reversion, and if the power is not executed, the reversion, if there is no limitation over, must go to the heir, or next of kin of the testator, according to the nature of the property. It appears to us, therefore, to be quite clear, that unless the will of Mrs. Mines was a valid execution of this power, her legatee will take no interest in the trust fund.

The Act of 1888, chapter 249, changed the pre-existing law of the State on the subject of the execution of powers, but this Act cannot influence the present question. Before that Act, it had been repeatedly decided by this Court that "the intention to execute a power of appointment by will, must appear by a reference in the will to the power, or to the subject of it, or from the fact that the will would be inoperative without the aid of the power." *Mory vs. Michael,* 18 *Md.,* 241, and many other cases down to *Balls vs. Dampman,* 69 *Md.,* 390, and *Cooper vs. Haines,* 70 *Md.,* 282. The will in question bequeaths to the husband of the testatrix all her property, of every description, absolutely, and revokes all former wills. It makes no reference to the power or to the subject of it. It operates with full effect on the personal property, which belonged absolutely to the testatrix at the time of her death. The property within the scope of the power was all personal estate, and therefore it is not necessary to look to it for the purpose of furnishing a subject-matter for the bequest. We cannot attribute much weight to the suggestion, that the will was not necessary to vest in the surviving husband her personal estate; as she had no children. In point of fact the will was made, and does operate. It is of no avail to consider what would have been the husband's title without a will; as the will was validly executed, he cannot claim anything except according to its terms. Nor is it

Mines *vs.* Gambrill, *et al.*

competent for us to infer the personal wish of the testatrix, and give effect to it, except from the circumstances which we have mentioned, namely, a reference to the power, or to the subject of it; or the question whether the will would have no operation without the aid of the power. We find the law so established, and we are obliged so to declare it. By the seventh clause of Gambrill's will, it was directed that in the event of failure of issue of any deceased child, his or her share should descend to the testator's heirs. It is evident, when this passage is read in connection with the sentence immediately preceding it, that it means to provide for a failure of issue during the life-time of the testator. We have seen that Ann Margaret took only an equitable life estate; as a necessary consequence the equitable reversion remained undisposed of, and vested in the testator's next of kin, subject, however, to be divested on the execution of the power. A child's share of this reversion belonged to Mrs. Mines, and passed under her will.

It will be seen that we agree with the Circuit Court in the decision of this cause.

*Decree affirmed;*
*costs to be paid out*
*of the trust fund.*

(Decided 11th June, 1889.)