(Decided March 26th, 1896).

---

## JOHN H. FARLOW vs. SOPHIA A. FARLOW.

*Powers—Execution of a Power of Revocation Reserved in a Deed Creating a Trust.*

Where certain land is conveyed to a trustee for the use of the grantor for life with equitable remainders over, and the deed reserves to the trustee and the *cestui que trust* for life power by joint deed to dispose of the property free and discharged of the trust, such power may be validly executed by a deed in fee-simple describing the same land, although it does not refer to the power, because such deed could not have full effect except as an execution of the power.

A power may be validly exercised : (1) By a direct reference to the power ; (2) By a disposition of the subject of the power when the person making the disposition possesses a mere naked power of appointment coupled with no interest ; or, (3) When the instrument relied on as an execution of the power would be inoperative unless aided by the power.

In 1866 the owner of land conveyed the same to a trustee to hold for himself for life, with equitable remainders over to certain parties. The deed reserved to the grantor and the trustee power jointly to sell and dispose of the property absolutely and discharged of the trust. In 1870 these parties executed a deed referring to the power which changed, as to part of the land, the equitable remainder by conveying "the same as follows : The original deed of trust, subject to the power reserved in the same as follows," &c. *Held*, that although

awkwardly expressed, yet the intention was that the disposition made by the deed of 1870 should be likewise subject to the power of revocation contained in the deed of 1866.

Appeal from a *pro forma* decree of the Circuit Court of Baltimore City. The case is stated in the opinion of the Court.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, BOYD and RUSSUM, JJ.

*Harry N. Abercrombie* for the appellant.

*Robert H. Smith* for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

The bill of complaint was filed in this case to procure a decree requiring the specific performance of a contract for the sale of land. The defence relied on is that the vendor has not a good and marketable title. In disposing of this contention it will be necessary to refer to several of the conveyances filed as exhibits with the bill and answer.

The plaintiff claims title under a deed from Robert H. Smith, Esq., trustee. The outlines defined in this deed embrace the property in question. Mr. Smith was appointed trustee to sell the property under a mortgage executed by Scott R. Hancock, and if the latter had title to the property covered by the mortgage then that title is incontestibly vested, under the conveyance from Mr. Smith, in the plaintiff.

It will not be necessary to go back in tracing the title farther than the year eighteen hundred and fifty-five, as both parties concede that at that time Absolom Hancock acquired from Rev. James Dolan the property in fee-simple. In eighteen hundred and sixty-six Absolom Hancock executed a deed conveying to Rachel S. Hancock, his wife, " all his property, real, personal and mixed, of every kind and description, in trust to hold the same for the use and benefit of said Absolom during his natural life, with power, nevertheless, to said Absolom and Rachel jointly to sell and dispose of the same or any portion thereof absolutely

free and discharged of the trust herein set forth." Subject
to Absolom's life estate and also subject to the power of
revocation reserved to Absolom and Rachel, the equitable
interest in remainder in the property now involved was by
the same deed of trust disposed of as follows : " My house
and lot on the north side of Fayette street, adjoining the
Catholic Burial Ground, in fee to my son, Charles A. Han-
cock, subject to the payment of" certain charges, and the
" vacant lot on the north side of East Fayette street,
adjoining the east side of the property given to my son,
Charles A. Hancock, fronting about one hundred feet on
Fayette street and running back to the north line of the
whole property sold by Rev. James Dolan to Absolom
Hancock, to my son, Clifford W. Hancock, subject to the
payment " of certain sums and subject to a life estate in
Rachel. The deed further appointed trustees to make con-
veyances in accordance with its provisions after the death
of Rachel Hancock. In eighteen hundred and seventy
Absolom and Rachel executed a deed referring to the
power contained in the prior deed of eighteen hundred and
sixty-six, and declared therein their intention to exercise
that power. They confirmed " in all respects the trusts of
said deed of April the fourteenth, eighteen hundred and
sixty-six, except as heretofore or herein altered and modi-
fied," and whilst not interfering with various other parcels
of property declared " null and void the conveyance of the
house and lot on the north side of East Fayette street, ad-
joining the Catholic Burial Ground, to said Charles A.
Hancock." Then, after stating with reference to the lot
previously limited over to Charles, that " they do sell and
convey and dispose of the same as follows : The original
deed of trust, subject to the power reserved in the same as
follows ; " they reserve a life estate to Absolom and divide
the lot into three parcels, conveying each of the three to
Rachel in trust for each of three sons, warranting " the
same to the parties aforesaid free, clear and discharged of
all claims except such as may be set forth in this convey-

ance." Obviously the language above quoted, viz.: " The original deed of trust, subject to the power reserved in the same," is an awkward and inartistic way of declaring that the disposition made by the deed of eighteen hundred and seventy, was to be likewise subject to the power of revocation contained in the deed of eighteen hundred and sixty-six.

The fee-simple title to the whole of the Dolan lot of two hundred feet front then stood under the deed of 1866, in Rachel in trust for Absolom during his life, with defeasible equitable remainders limited over after his death as to one-half, or one hundred feet, for Clifford W. Hancock ; and under the deed of eighteen hundred and seventy, as to the other half, or one hundred feet, in Rachel in trust for Absolom during his life with defeasible equitable remainders limited over to three other sons ; and in the deed of eighteen hundred and sixty-six there was the power of revocation already alluded to, and in the second deed there was a reference to that power and a conveyance made subject thereto. In eighteen hundred and eighty Absolom and Rachel executed a deed to Scott R. Hancock, conveying to him in fee-simple the whole of the Dolan lot, fronting two hundred feet, and made up of the two parcels of one hundred feet each, to which we have referred ; and whilst no reference to the power is made in this deed, the property is described by metes and bounds and is declared to be the same that was conveyed by Rev. James Dolan to Absolom Hancock by deed whose date and place of record are particularly given. This conveyance to Scott R. Hancock covers the identical property conveyed by Rev. James Dolan in eighteen hundred and fifty-five, and which was subsequently divided, in the deed of eighteen hundred and sixty-six, into two equal parts, and one of which equal parts was afterwards sub-divided into three parcels. The only question before us is, does this deed of eighteen hundred and eighty convey any title to Scott R. Hancock ?

Whilst the power reserved under the deed of eighteen hundred and sixty-six and under the deed of eighteen hundred

and seventy is not alluded to in the conveyance to Scott R. Hancock, the subject of the power unmistakably is. A power, prior to the Act of 1888, ch. 249 (which, however, applies only to last wills and testaments), could have been, and still can be, validly exercised, *first*, by a direct reference to the power; *secondly*, by a disposition of the subject of the power when the person making the disposition possesses a mere naked power of appointment coupled with no interest; and *thirdly*, when the instrument relied on as an execution of the power would be inoperative unless aided by the power. Now, the deed of eighteen hundred and eighty falls directly within both the second and third categories. To convey an absolute estate in fee stripped of the antecedently created trusts, the power had of necessity to be invoked, for it was solely by exercising that particular power that such an estate could have been granted at all; and the property conveyed was distinctly identified, by unmistakable description, as the precise property covered by the power. Clifford Hancock, if the power of revocation and of conveyance had not been exerted and executed, would have been entitled under the deed of eighteen hundred and sixty-six to one-half of the Dolan lot; and under the same conditions the other three sons would have been entitled to the other half. But the deed of eighteen hundred and eighty, purporting as it does to convey an absolute fee-simple estate, can be given full effect only, by treating it as an execution of the power; for in no other way than by an execution of that power could this particular property, minutely described in the instrument creating the power, and in the deed to Scott R. Hancock, be aliened *in fee*. The quality of the estate granted to Scott R. Hancock indicates a clear intention to invoke and to execute the power.

We agree with the Court below that the title of the plaintiff is good and marketable, and we will therefore affirm the *pro forma* decree appealed from.

*Pro forma decree affirmed with costs above and below.*

(Decided March 26th, 1896).