# EDWARD J. MEISTER

## *vs.*

# ELIZABETH K. MEISTER.

*Wills*: *construction; life tenant, with full power to sell and convey; purchaser's rights; application of purchase money.*

A will left all the estate to E. J. M. for and during her natural life, with full power to sell any part of the property or estate so devised and bequeathed to her, and to reinvest the proceeds for her use or benefit during her life; *held,* that under this provision, E. J. M. had ample power to make a conveyance of the property, and that the purchaser was not bound to look to the application of the purchase money.          p. 444

*Decided June 26th, 1913.*

Appeal from the Circuit Court No. 2 of Baltimore City (GORTER, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Charles Lec Merriken,* filed a brief for the appellant.

*Charles F. Stein,* filed a brief for the appellee.

THOMAS, J., delivered the opinion of the Court.

Charles J. Meister left a will in which he made the following provision for his wife: "After the payment of all my just debts and funeral expenses, I give, devise and bequeath all my property of every kind and wheresoever situated to my wife, Elizabeth Katherine Meister, for and during the term of her natural life, with full power to sell any part or all of the property or estate so devised and bequeathed to her and to reinvest the proceeds for her use and benefit for and during her life."

On the first of March, 1913, Mrs. Meister, in pursurance of the power contained in the will, sold a part of the property so devised to her for life, consisting of a lot of ground in Baltimore City, to Edward J. Meister, for the sum of fifteen hundred dollars, which, by their agreement under seal, he agreed to pay her not later than the fifteenth of March, 1913.

On the 27th of March, 1913, Mrs. Meister, the appellee, filed a bill in the Circuit Court No. 2 of Baltimore City, in which, after setting out the provisions of the will and the agreement for the sale of said property, she alleged that said purchaser had refused to comply with the terms of said sale on the ground that she was not clothed with sufficient power under the will to convey a good title to the property. A copy of the will and of the agreement was filed with the bill. The defendant answered, admitting the execution of the agreement, but averring that while he was ready and willing to perform his part of the contract of sale he was advised that it was not within the power of the plaintiff to convey a good title to the property. By an agreement signed by the plaintiff and defendant and filed in the case, they agreed that the object of the proceedings in this case was to have the Court determine whether by the exercise of the power in the will the plaintiff can convey to the deefndant a valid fee simple title to the property named in the contract of sale, without the purchaser being required to see to the application of the purchase money.

The case having been submitted and the Court below being of opinion that the plaintiff could convey a good title to the property, without the purchaser being required to see to the application of the purchase money, a decree was passed requiring the defendant to perform the agreement of sale.

In that view we entirely concur. In his brief the appellant cites the cases of *Russell* v. *Werntz,* 88 Md. 210, and *In re Bauernschmidt's Estate,* 97 Md. 35. In *Russell's Case* the provision of the will construed was as follows: "I give unto my preesnt wife, Virginia Russell, all the residue of my estate, including all my property, both real, personal and mixed, to have and to hold and dispose of as she may see fit while she remains single, and after her death or marriage, the remaining property is to be equally divided between my two daughters, Grace A. Russell and Jesse V. Russell." The Court in that case held that the manifest intention of the testator was to give his wife a life estate only, and that the words "to have and to hold and dispose of as she may see fit," had reference to that estate, and did not confer upon her power to dispose of the estate in fee. In the *Bauernschmidt Case* the will contained the following provision: "I give, devise and bequeath unto my wife, Margaret Bauernschmidt, all the rest, residue and remainder of my estate, of which I shall be possessed or be entitled to, of every kind and wheresoever situated, for the full term of her natural life, with full power to her hereby granted, to sell, mortgage, lease, transfer and due conveyance make of said property or any part thereof, in her sole name and to invest and reinvest the said property and the rents, profits and revenues thereof, or otherwise in any manner to change, dispose of, use and deal, with the said property and the rents, profits and revenues thereof, for her sole benefit and at her sole discretion as fully as I could do." By subsequent clauses of the will the testator disposed of his property after his wife's death to other members of his family. Mrs. Bauernschmidt executed a deed of trust to the Baltimore Trust and Guarantee Company by which she conveyed to said Company upon certain trusts some of the se-

curities belonging to the testator's estate, and she also conveyed to the Baltimore Realty Company certain mortgages that stood in the name of the testator. By the terms of the deed of trust the property thereby conveyed was disposed of in a manner different from the way the will provided it should be disposed of after her death, and the mortgages were transferred to the Realty Company, not for the purpose of changing the investment, but for the purpose of putting the title to them in the company, in which she claimed to be the largest shareholder. The Court, while distinctly recognizing her right under the power conferred upon her by the will to dispose of the property for the purpose of changing the investments, held that she could not so dispose of it as to defeat or change the interest of those entitled to the estate after her death, and that the deed of trust and the assignment of the mortgages were therefore void. CHIEF JUDGE MCSHERRY after stating that the will gave her only a life estate, said in reference to the provision of the will giving her power to dispose of the property: "The bulk of his wealth seems to have been invested in stocks and bonds whose values constantly fluctuate in the market, and it was eminently wise to make some adequate and liberal provision by which the life tenant would be clothed with ample power to change those and other investments and property as fully as the testator himself might have done, whenever and as often as the occasion should require."

In the case at bar the will, unlike the will in *Russell's Case,* but like the will of Mr. Bauernschmidt, gives the life tenant full power to dispose of the property and to invest the proceeds, and there is no reason why she may not exercise a power thus expressly conferred. She cannot, of course, so dispose of the property as to defeat the purpose of the testator clearly expressed in the other provisions of the will, but the power was given to her in order that she might have the full enjoyment of his estate during her life, and for the purpose of protecting and preserving it for those entitled to it after her death.

This case is within the class of cases to which the case of *Keister* v. *Scott,* 61 Md. 507, belongs. There the property of the testator was given to his wife for life with a provision disposing of it after her death. His wife was authorized to sell and convey the property and to invest the proceeds. She sold a part of the estate and the purchaser refused to comply with the terms of sale because, as he claimed, she could not convey it so as to relieve him of the necessity of seeing to the application of the purchase money. The Court held that the purchaser should be required to perform the contract, and after reviewing some of the authorities, said in conclusion: "It is unnecessary to multiply the citations of authorities, because the very recent case of *Van Bokkelen* v. *Tinges.* 58 Md. 57, seems to determine the question. In that case the Court, adopting the language of the notes to *Elliott* v. *Merryman,* 1 White & Tudor's Lead. Cases in Eq. 118, 119, said: 'All the cases seem to agree, that where the disposition of the proceeds depends in any material particular, upon the discretion of the trustee, or where an interval must or may properly elapse between the sale and the application of the purchase money, the purchaser will be freed from liability by a payment to the trustee, and will not be responsible for a subsequent misappropriation by the latter;' and it is further added 'that where a trustee is required to sell and reinvest for the same trusts or purposes, the purchaser will be discharged from responsibility for the application of the money paid by him to the trustee.' " In addition to the authorities cited by the Court in the last mentioned case, we refer to *Hughes* v. *Drovers' Bank,* 86 Md. 418, in support of the same view.

We think the appellee in this case had ample power to make the sale in question to the appellant, and that the purchaser is not required to see to the application of the purchase money. We will, therefore, affirm the decree of the Court below.

*Decree affirmed, with costs.*