OLIVER H. REESIDE, JR., ET AL. *v.* ANNEX BUILD-
ING ASSOCIATION.

[No. 38, April Term, 1933.]

*Decided June 21st, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*William G. Towers* and *Cary D. Hall, Jr.,* with whom was *W. M. Kalling* on the brief, for the appellants.

*G. Lloyd Rogers* and *Clarence A. Tucker,* for the appellee.

DIGGES, J., delivered the opinion of the Court.

The question in this case is one of title, and arises from the following facts: Ida M. Reeside was the owner in fee simple at the time of her death of property located in Baltimore City known as No. 2011 Smallwood Street. By her last will and testament, executed November 2nd, 1916, and duly probated by the Orphans' Court of Baltimore City on November 19th, 1925, she devised and bequeathed as follows:

"After the payment of my just debts and funeral expenses, I hereby give, devise and bequeath all of my property, real, personal and mixed of whatsoever kind and character and wheresoever situate or being, to which I may be entitled at the time of my death, to my husband, Oliver H. Reeside, and to be held by him during the term of his natural life with full power to sell and convey absolutely or by way of mortgage or lease, any or all of my estate, real or personal, and reinvest the proceeds thereof in his own discretion; and from and after the death of my said husband, then to the child or children by my said husband, then living, and to the issue then living, of my child or

202

children by my said husband, which may then be deceased, share and share alike *per stirpes* and not *per capita,* only the share or respective shares which the parents or the respective parents, if living, would have taken. I hereby constitute and appoint my husband, Oliver H. Reeside, to be the executor of this my last will and testament, hereby revoking all other wills or codicils by me heretofore made, and it is my wish and order that he be excused from giving bond."

On March 23rd, 1926, Oliver H. Reeside executed to the Annex Building Association of Baltimore City, the appellee, a mortgage on the Smallwood Street property to secure the loan of $2,500 made by the appellee to him, wherein, after reciting that he was a member of the appellee and had subscribed twenty-five shares of its capital stock of the par value of $100 each, it proceeded as follows:

"Now therefore this mortgage witnesseth that in consideration of the premises and one dollar the said mortgagor does grant unto the Annex Building Association of Baltimore City, its successors and assigns, all that lot of ground in Baltimore the improvements whereon are now known as number 2011 Smallwood Street, and described as follows." (There then follows a description of the property.) "Being the same lot of ground which by deed dated the tenth day of March 1916, and recorded prior hereto, was conveyed by Safe Deposit and Trust Company of Baltimore, trustee, to Ida M. Reeside." (The description in both the mortgage and deed being identical.) "To have and to hold the said lot of ground and premises unto and to the use of the said Annex Building Association of Baltimore City, its successors and assigns, for ever in fee simple."

The mortgage further provides, on default of any of its covenants, for the sale of the mortgaged premises, and the distribution of the proceeds in accordance with the law and terms of the mortgage.

On June 15th, 1932, the mortgage being in default, a petition was filed in the Circuit Court of Baltimore City, praying that a decree be passed for the sale of the property in accordance with the terms of the mortgage; upon which petition an order was on the same day signed by the chancellor, decreeing and ordering the sale of the property and prescribing the manner and terms of sale. The mortgage sale was had on July 5th, 1932; and thereafter, on July 13th, the trustee reported the sale to the court, showing that the purchasers at said sale were Oliver H. Reeside, Jr., and Florence N. Reeside, his wife, at and for the sum of $2,875. On August 9th, 1932, the purchasers filed exceptions to the ratification of the sale, in which it is alleged: "That the trustee appointed by this Court cannot convey a good and marketable fee simple title of the said property to these purchasers which he purports to sell them, in that Oliver H. Reeside, the defendant herein, did not convey to the said The Annex Building Association of Baltimore City, the plaintiff herein, by the mortgage filed in these proceedings, a fee simple title to the said property." After the taking of testimony, and argument, the chancellor passed orders overruling the exceptions and ratifying the sale. The appeal here is from those orders.

There are three questions raised on this appeal:

First. Under the terms of Ida M. Reeside's will, did the husband, Oliver H. Reeside, have the power and authority to dispose of or mortgage the property in question in fee?

Second. Did Oliver H. Reeside, in making the mortgage foreclosed in these proceedings, exercise the power given him in the will of Ida M. Reeside, so as to create an incumbrance upon the fee simple estate in said property, which upon foreclosure of the mortgage would carry the fee to the purchaser at such sale?

Third. Was there an obligation on the part of the mortgagee to see to the application by the mortgagor of the proceeds of the mortgage?

Considering these questions in the order stated, we are of the opinion that, under the terms of the will of Ida M. Reeside, her husband, Oliver H. Reeside, took a life estate in all of the decedent's property, with full power and authority to sell and convey absolutely or by way of mortgage the property here in question. In this, as in the construction of all wills, the effort must be to ascertain and give effect to the intention of the testator, to be gathered from the language employed throughout the will, together with the conditions and circumstances surrounding the testator at the time of its execution. Mrs. Reeside's will is brief and clear in its expression. It contains only two clauses, by the second of which she constitutes her husband, Oliver H. Reeside, her executor, and relieves him from giving bond for the faithful execution of the trust. We have no concern with this clause, other than to note that it demonstrates full and complete confidence by the testatrix in the executor therein named to carry out her wishes as expressed in the will.

By the first clause the testatrix, after providing for the payment of debts and funeral expenses, gives, devises, and bequeaths all her property, of whatever kind and wheresoever situate, to her husband, Oliver H. Reeside, to be held by him during the term of his natural life. Considering the language to this point, there can be no possible construction other than that Oliver H. Reeside was given a life estate in all of the property of the testatrix. The will then continues without punctuation: "With full power to sell and convey absolutely or by the way of mortgage or lease, any or all of my estate, real or personal, and reinvest the proceeds thereof in his own discretion," with remainder over, after the death of the husband, to the testatrix' children or issue of children, *per stirpes* and not *per capita*. The contention of the appellants on this point is that the intention of the testatrix, as shown by this language, was to permit her husband, the life tenant, to dispose of, by sale or mortgage, only his life estate in the property. Every logical interpretation requires the rejection of such a contention, whether we consider it exclu-

sively from the language employed, or in connection with the evident intent of the testatrix.

Analyzing the language, it is seen, as above stated, that the testatrix gives to her husband a life estate in "all of my property"; and when we consider the property in respect to which he is given the power to sell or mortgage, the testatrix employs language of identical meaning when she says, "with full power to sell and convey absolutely or by way of mortgage or lease, any or all of my estate," and reinvest the proceeds thereof in his own discretion. These expressions are about as clear and unequivocal a declaration of purpose and intent as language can be, and no words in an attempted elucidation of the testatrix' meaning would add to or make clearer her purpose than those employed in the will. Therefore, if the husband is given a life estate in all of the testatrix' property, which is not and cannot be denied, it must follow that when the testatrix says, "with full power to sell and convey absolutely or by way of mortgage or lease," the subject upon which the power is to operate is all of the testatrix' property, and cannot be confined or construed to mean that the life tenant can sell or dispose of only his life estate. Neither can such a construction be held to be the intention of the testatrix, because without any power of disposition at all given to the husband, he did have the unquestioned right to sell and mortgage or otherwise dispose of his life estate. There would be no necessity for the grant by the testatrix of any power for that purpose; and such a construction would disregard and exclude from consideration all that portion of the will which confers the power. In other words, by such construction we are asked to effectually delete language usel by the testatrix, and as effectually in part destroy her evident intent and purpose.

The husband, the donee of the power, is definitely authorized and directed to reinvest in his own discretion the proceeds arising from any sale, mortgage or lease of the testatrix' property or any part thereof. If, according to the construction urged by the appellants, such proceeds are only

those which may be derived from the sale or mortgage of the life estate, it inevitably follows that by such act the testatrix in one clause would be giving to her husband a life estate, and in the next, depriving him of the fruits of such a gift; because if he disposed of only his life estate, and was bound to reinvest such proceeds for the benefit of the remaindermen, the estate of the life tenant would be greatly impaired, if not destroyed, and at his death the remaindermen would not only get the whole property in fee simple, but would also be entitled to the investment made by the life tenant of the proceeds arising from the sale of his life estate. To impute such an intention to the testatrix would be wholly unreasonable, and cannot be adopted or sustained.

The appellants rely strongly upon the case of *Bachtell v. Bachtell,* 135 Md. 474, 109 A. 198, and, it must be admitted, with apparent justification. It needs no citation of authority for the proposition that the intention of the testator is controlling in the construction of wills, or, as has been tersely expressed, is the "law of wills," and when properly ascertained must be made effectual, unless constrained by some positive rule of law or property. In *Bachtell v. Bachtell, supra,* this court found the intention of the testator to be that his wife should have a life estate, with remainder to his children; and although there was a power given the life tenant to dispose of the property, it was held that the power only referred to the life estate. The language of the will in that case was: "After the payment of all my just debts and funeral expenses, I give, devise and bequeath all my estate, whether real, personal or mixed and wheresoever situated, to my wife, Catherine Bachtell, for and during her natural life, with full power and authority to sell, mortgage, lease or otherwise dispose of at such times and under such circumstances which she may deem best, and to reinvest the net proceeds thereof solely in her own discretion, and the residue of my estate left remaining at the time of the death of my said wife, I will and direct shall be distributed to my children then living and to the issue of my child or children

which may then be deceased, as tenants in common, the issue of said deceased children to take *per stirpes* and not *per capita*, only the share or the respective shares which the parent or respective parents, if living, would have taken." .

A comparison of the language employed in the two wills shows a practical identity. To attempt to attribute a different intention to the testator in that will from that of the testatrix in the will now under construction would be logically impossible; and we are therefore unable to follow the reasoning or law announced in that decision.

The facts in the *Bachtell* case, as presented by the record, show that, after the death of the testator, the widow, the life tenant with power annexed, continued to live upon the property, together with a son and daughter. The other remainderman was a son. Shortly after the death of the testator, the widow, who was of advanced age, by deed, wherein the alleged consideration was ten dollars and services rendered to her by the son and daughter residing with her, conveyed all the property to those two in fee simple. The son who was not residing with his mother attacked this conveyance on the ground of want of mental capacity and undue influence. The lower court sustained the position of the complainant, and set aside the deed. On appeal, this court affirmed the result of the decree below, not for the reasons given by the lower court, but upon the ground that the widow, Mrs. Bachtell, under the terms of the will could only convey her life interest. It is apparent that justice was accomplished in that case, the attainment of which was doubtless uppermost in the mind of the appellate court at that time; but the reasoning upon which this result was reached, being in our judgment illogical, cannot be followed.

In the *Bachtell* case the court relied upon the cases of *Russell v. Werntz*, 88 Md. 210, 44 A. 219, and *In re Bauernschmidt's Estate*, 97 Md. 51, 54 A. 637, and was doubtless influenced by some of the language therein used. In both of those cases, especially in the last-mentioned case, the will contained numerous other provisions, and the intent of the

testator was arrived at by a consideration of the will as a whole; and they may, therefore, be logically distinguished from the *Bachlell* case. There are many cases in this court of gifts or devises to one for life, with the power of disposition, where it has been held that such power affects the reversionary interest or estate in remainder. *Meister v. Meister*, 121 Md. 440, 88 A. 235; *McLaughlin v. Fleming*, 124 Md. 28, 91 A. 774; *Welsh v. Davis*, 125 Md. 37, 93 A. 221; *Cadle v. Cadle*, 152 Md. 459, 136 A. 895; *Madler v. Gunther*, 155 Md. 43, 141 A. 422; *Beranek v. Caccimaici*, 157 Md. 144, 145 A. 369.

Oliver H. Reeside having the right, under the power contained in his wife's will, to sell and convey by way of mortgage, the second question is whether the mortgage contained in this record was such an exercise of the power as conveyed to the mortgagee a fee simple interest in the Smallwood Street property, or only the life estate of Oliver H. Reeside. In other words, he, under the terms of the will, was given a life estate in all of the property, together with a power to sell or mortgage the property absolutely. Having the life estate individually, and having the power to dispose of the whole estate, which did he convey? Did he intend to convey that which he could have conveyed without reference to the power, namely, the life estate? Or did he intend, by the mortgage, to exercise the power and convey the whole estate?

Mr. Miller, in his *Construction of Wills*, pp. 734, 735, states: "Whether or not a power has been executed by a donee depends upon his intention, as shown by his will or imputed to him in certain cases by the statute, Act of 1888, ch. 249, Code, art. 93, sec. 339. Independently of the statute, the question of the testamentary execution of a power is always one of intention. The simplest method of declaring an intention to execute a power is to declare the intention in express terms; but an express declaration of intention is not necessary; all that the law requires is that it should plainly appear that the testator had the power in view and meant by his will to execute it." What the learned author there

states is applicable to all instruments wherein the power is attempted to be executed, as well as in wills, with the single exception of the execution of a power by will as affected by the statute. The statute referred to is only applicable to wills, and has no reference to the execution of powers by other instruments. It is firmly settled that although a power may not be specifically referred to in the executing instrument, nevertheless it may be effectually executed if the intention to do so is shown. *Gaither v. Williams,* 57 Md. 625; *Patterson v. Wilson,* 64 Md. 193, 1 A. 68; *Miller's Constr. of Wills, supra.*

Exclusive of the statutory provision, there are three methods by which a power may be validly exercised: (1) By a reference to the power; (2) by a reference to the property which is the subject on which the power is to be executed; or (3) by a provision which would not be operative except as an execution of the power, or without the aid of the power. *Mory v. Michael,* 18 Md. 227; *Maryland Mut. Ben. Soc. v. Clendinen,* 44 Md. 429; *Foos v. Scarf,* 55 Md. 301; *Gaither v. Williams, supra; Patterson v. Williams, supra; Balls v. Dampman,* 69 Md. 390, 16 A. 16; *Cooper v. Haines,* 70 Md. 282, 17 A. 79; *Mines v. Gambrill,* 71 Md. 30, 18 A. 43; *Farlow v. Farlow,* 83 Md. 118, 34 A. 837; *Ridgely v. Cross,* 83 Md. 161, 34 A. 469; *Thom v. Thom,* 101 Md. 444, 61 A. 193. These rules apply whether the power be executed by will or any other instrument. *Foos v. Scarf, supra; Tiffany's Real Property* (2nd Ed.), sec. 324; *Reeves' Real Property,* sec. 941. If an intention to execute the power is not shown in some one of the above methods (including the statutory one), the execution is not effective. The intent, however, is to be ascertained as in other cases by a construction of the whole instrument and with reference to the circumstances under which it was executed. *Tiffany's Real Property* (2nd Ed.), p. 1082.

The mortgage in this case makes no reference to the power; and therefore the first method does not apply. It does, however, refer specifically to the property which is the

subject upon which the power is to be executed; the language being: "The said mortgagor does grant unto the Annex Building Association of Baltimore City, its successors and assigns, all that lot of ground in Baltimore the improvements whereon are now known as number 2011 Smallwood Street, and described as follows," followed by the identical description in the deed by which Mrs Reeside acquired the property from the Safe Deposit &.Trust Company; and further stating: "Being the same lot of ground which by deed dated the tenth day of March, 1916, and recorded prior hereto, was conveyed by Safe Deposit and Trust Company of Baltimore, trustee, to Ida M. Reeside." The habendum clause is: "To have and to hold the said lot of ground and premises unto and to the use of the said Annex Building Association, its successors and assigns forever in fee simple." It will thus be seen that the property is specifically referred to, and it is stated that the grantee is to have and hold the same in fee simple. Such language could only have reference to property to be conveyed under the power, and not to the life estate.

Where a person having the power to convey a fee simple estate, and also having the life estate or other interest, executes a conveyance of the fee, the conveyance will be referred to the execution of the power, and it must be held that it was an execution of the power, because otherwise it cannot take full effect according to its terms. 49 *C. J.* 1294; *Marden v. Leimbach,* 115 Md. 210, 80 A. 958. We have no doubt that by the terms of the mortgage a fee was intended to be and was conveyed. The testimony in the record shows that the value of the Smallwood Street property upon which the mortgage was given, at the time of its execution, was from $4,500 to $5,000; that the application by the mortgagor was for a mortgage on the fee simple; and, further, that at the time of the application the mortgagor, Oliver H. Reeside (now deceased), was seventy-three years of age. This testimony is indicative of the intention of the mortgagor; and it is highly improbable that any one would loan one-half of the fee simple value of the property on a life

estate, and certainly not on the life estate of an individual of the age of Mr. Reeside at that time.

Finally, the question of whether or not the appellee, the building association, was bound to see to the application of the purchase money must be determined in the negative. The will directs that Oliver H. Reeside, after selling or mortgaging any or all of the property, "reinvest the proceeds thereof in his own discretion." Under such circumstances the purchaser is not required to see to the application of the purchase money. In *McLaughlin v. Fleming*, 124 Md. 28, 91 A. 774, 777, Judge Pattison, speaking for the court said: "The rule applicable thereto, as stated in *Van Bokkelen v. Tinges*, 58 Md. 53, 57, and followed in the later case of *Keisler v. Scott*, 61 Md. 507, is, that where the disposition of the proceeds depends in any material particular upon the discretion of the trustee, or where an interval must or may properly elapse between the sale and the application of the purchase money, the purchaser will be freed from liability by payment to the trustee, and will not be responsible for a subsequent misappropriation by the latter. And it is further added that, where a trustee is required to sell and reinvest for the same trusts or purposes, the purchaser will be discharged from responsibility for the application of money paid by him to the trustee. And therefore, under this rule, which is applicable in this case, the appellants, purchasers as aforesaid, are not required to see that a proper application of the purchase money is made by Fleming." *Meister v. Meister, supra; Hughes v. Drovers' Bank*, 86 Md. 418, 38 A. 936; *Rosenthal v. Miller*, 148 Md. 226, 129 A. 28.

In view of what has been said, our conclusions are: That under the will of Ida M. Reeside, her husband, Oliver H. Reeside, was given the power to mortgage any and all of the property mentioned in the will, which included the Smallwood Street property; that having such power, he did convey by way of mortgage the fee simple interest to the appellee; that the appellee (mortgagee) was not required to see to the application of the money paid to Oliver H. Reeside; and that at the foreclosure sale the appellee, under the terms

212

of the mortgage, sold the mortgaged property in fee simple to the appellants, who are entitled to receive a fee simple deed therefor.

There was no error; and the orders appealed from will be affirmed.

*Orders affirmed, with costs.*