Van Bokkelen *vs.* Tinges and Sargeant, Trustees.

(Decided 2nd March, 1882.)

---

## LIBERTUS VAN BOKKELEN *vs.* GEORGE W. TINGES and GEORGE H. SARGEANT, Trustees

*When Purchaser is not bound to see to the Application of the Purchase money—Trustees and Cestuis que trust—Parties in Equity—Extinguishment of Rent.*

Where trustees under a will have power to sell, in their discretion, and re-invest the proceeds on the same trusts, a purchaser from them is not bound to see to the application of the purchase money.

Nor is it necessary for the *cestuis que trust* to be made parties to a bill filed by the trustees as reversioners, against the owner of leasehold property, for authority to receive from him money which he tenders in redemption of the rent reserved under a covenant for redemption contained in the lease.

In this respect the lessee stands upon the same footing as if he had been the purchaser of the trust property from the trustees.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before STONE, GRASON, MILLER, ALVEY, ROBINSON and RITCHIE, J.

*Benjamin F. Horwitz*, for the appellant.

The case is to be heard on the first four clauses of the bill, (as the allegations contained in them are the only ones admitted by the answer,) and on Dr. Van Bokkelen's answer. If the complainants had considered the matters, charged in the bill, and not admitted by the answer, material, and desired to sustain them, they should have proved them. *Warfield vs. Gambrill*, 1 *G. & J.*, 503; *Alex. Chy. Practice*, 66.

The bill and decree do not afford the appellant the relief and security to which he is entitled, as the *cestuis que trust* under the ninth clause of Mrs. Morton's will, are not, as they should be, made parties to the suit. *Story's Equity Pleadings, secs.* 207, 72 *and* 180; *Perry on Trusts, sec.* 873; *Hill on Trustees, sec.* 543; 2 *Story's Eq. Jurisprudence, sec.* 1124; *Hawkins' Trustee vs. Chapman, et al.*, 36 *Md.*, 98; *Duffy vs. Calvert*, 6 *Gill*, 487.

In this case, however, the *cestuis que trust* are infants; a class of persons whose property is particularly under the care and control of Courts of equity, and whose property it is expressly provided, by the Code, shall not be alienated, except *after the appearance* and *answer* of the infants. *Revised Code, Art.* 66, *secs.* 14, 15, 16.

Under these sections, even if the general rule were different, it would be necessary in this case, to make the infants named in the ninth clause of Mrs. Morton's will, parties defendant.

*John T. Morris*, for the appellees.

Whatever may be the powers of trustees as to a sale, when it is not expressly given, it must here be noticed that the will gives the power to the trustees to make the sale, and the lease gives the purchaser the right to buy the reversion; it was then both the power and the duty of the trustees to take the money. There is also an express direction to re-invest the proceeds, if the trust continues.

Van Bokkelen *vs.* Tinges and Sargeant, Trustees.

The trustees applied to a Court of equity for a special order to invest in certain property particularly mentioned, and the Court so ordered, and expressly exonerated the purchaser by its order. Now it is contended that the *cestuis que trust*, are necessary parties. *Cui bono?* Could they have prevented what the will directs, and what the Court ordered? Trustees are answerable to Courts of equity for their conduct, and if they proceed under the sanction of such Courts, they are safe, and their conduct must be taken to be right; and so far as such Courts order, purchasers dealing with trustees are safe.

In *Calvert on Parties*, it is stated that executors, trustees, &c., represent parties in equity, and in many cases, the parties, interested beneficiaries, or *cestuis que trust* are not necessary parties.

The cases in which purchasers are bound to see to the application of the purchase money, are those in which the money is to be paid over immediately to some certain creditor, or other definite person, entitled to receive it; but where the trust continues, or the person is uncertain, there the trustee not only may, but must receive the money. And where there is an express direction to re-invest, the trustee may do so even without consulting a Court; but certainly if he does so, he is safe, and everybody dealing with him is safe.

*Duffy vs. Calvert,* 6 *Gill,* 487–518, is quite in point. The reference to *Sugden* clearly shows that *where the trust continues,* the purchaser, of necessity, cannot see to the application of the purchase money, and may, safely therefore, deal with the trustee alone, even out of Court, and *a fortiori* in Court. *Combs vs. Jordan,* 3 *Bland Ch.,* 284, 329; 2 *Perry on Trusts,* 791–797; 2 *Story's Eq. Juris.,* secs. 1124–1134; *Sims vs. Lively,* 14 *B. Monroe,* 433–449; 1 *White & Tudor's Leading Cases in Equity,* 47, notes on the case of *Elliott vs. Merryman*; *Alther vs. Barroll,* 22 *Md.,* 501–509; *Potter vs. Gardener,* 12 *Wheaton,* 502;

*Lining vs. Peyton*, 2 *Desaussure*, 375; *Redheimer vs. Payson*, 1 *Spear's Eq.*, 135; *Wormley vs. Wormley*, 8 *Wheaton*, 422–442; *Davis vs. Christian*, 15 *Grattan*, 12; *Carrington vs. Goddin*, 13 *Grattan*, 587; *Hauser vs. Shore*, 5 *Iredell*, 357–361; *Nichols vs. Peak*, 1 *Beasley*, 67–72; *Coonrod vs. Coonrod*, 6 *Hammond*, 114–116; *Dalzell vs. Crawford*, 1 *Parson's Eq.*, 37-50; *Lewin on Trusts*, 376, &c.; *Johnson vs. Kennett*, 6 *Simons*, 384; 1 *Sugden on Vendors*, 655, 661; 1 *Greenleaf's Cruise's on Real Property*, Title XII, ch. IV, sec. 36, note.

MILLER, J., delivered the opinion of the Court.

Margaret E. Morton by the residuary clause of her will devised all the residue of her estate to trustees, in trust for the benefit of the children and descendants of her half-sister. By its terms this trust was to continue until the *cestuis que trust* severally attained the age of twenty-one years, and it is admitted the trust is still continuing. And in order to facilitate the management and division of the property, she gave the trustees power "to sell and dispose of any part or all of her estate" "at their discretion, and, if the trust continues, to re-invest the proceeds on the same trusts, and so on from time to time as often as they may deem necessary and proper."

Part of the residue thus devised to the trustees was the reversion in a parcel of land in Baltimore County, the leasehold interest in which was vested in Libertus Van Bokkelen. By the terms of the lease, the lessee had the right to extinguish the rent of $150 per annum, at any time after the 1st of January, 1860, on payment of the sum of $2500, and Van Bokkelen under this privilege tendered himself ready to pay this sum. The trustees having found what they regarded as a good investment for the money so to be paid to them, filed a bill in equity stating that Van Bokkelen was ready to pay; but desired to be relieved from responsibility for the re-investment of the

money, that they had a good investment for the same, and praying that the money might be paid by him, and the re-investment thereof made by them under the direction and sanction of the Court.    Van Bokkelen in his answer to this bill after admitting its averments, suggests that the *cestuis que trust* under the will are necessary parties to the suit, and without their being made parties he cannot obtain a clear title to the reversion, nor be relieved from liability in reference to the re-investment of the money, as there is no clause in the will relieving him from such liability.    The case being submitted on bill and answer, the Court passed a decree authorizing Van Bokkelen to pay the $2500 to the trustees, and directing them to convey to him the land mentioned in the lease, " and that thereupon he shall not in any manner be required to see to the application of the purchase money," and also authorizing the trustees to invest the money as proposed.    From this decree Mr. Van Bokkelen has taken an appeal.

It is plain there is no ground for reversing this decree, unless it be held that Mr. Van Bokkelen upon payment of his money was bound to see that it was applied as the will directs.    In this respect he stands upon the same footing as if he had been the purchaser of part of the trust property from the trustees, and it seems to be well settled that under a trust such as this will creates, with power to the trustees to sell *at their discretion,* and not to pay the money directly over to the *cestuis que trust,* but to hold and *re-invest the proceeds on the same trusts,* and so on from time to time as often as they may deem necessary and proper, the purchaser would not be bound to see to the application of the purchase money.    The law upon the subject is well stated, and the authorities carefully collected in the *notes* to *Elliott vs. Merryman,* 1 *Lead. Cases in Eq.,* 118, 119, where it is said: "All the cases seem to agree that where the disposition of the proceeds depends in any material particular upon the discretion of the trus-

tee, or where an interval must or may properly elapse between the sale and the application of the purchase money, the purchaser will be freed from liability by a payment to the trustee, and will not be responsible for a subsequent misappropriation by the latter. Trusts for sale and re-investment are emphatically within the operation of this principle, because every investment requires the exercise of discretion in the selection and choice of the security, and must necessarily be delayed until a suitable opportunity is found for investment; and the rule has consequently been said to be, that where a trustee is required or authorized to sell and re-invest for the same trusts or purposes, the purchaser will be discharged from responsibility for the application of the money paid by him to the trustee." And in 2 *Story's Eq.*, sec. 1134, and 2 *Perry on Trusts*, sec. 794, the law will be found stated in substantally the same terms.

Being then very clearly of opinion that Mr. Van Bokkelen can safely pay his money to these trustees, and that he will acquire a perfect title to the property by accepting a conveyance from them, we shall affirm the decree appealed from and remand the cause.

*Decree affirmed, and*
*cause remanded.*

(Decided 2nd March, 1882.)