## William H. Keister vs. Leanna L. Scott.

*When Purchaser of Trust property not bound to Look to the
Application of the Purchase money.*

Where the wife is authorized and empowered by the will of her
husband, to sell and convey the real estate situate in the City of
Baltimore, of which he died seised, and to invest the proceeds in
productive property in the city or county of St. Louis, in the State
of Missouri, a purchaser from the widow of a part of said prop-
erty, is not bound to see to the application of the purchase money.

Appeal from the Circuit Court of Baltimore City.

William H. Keister purchased a lot of ground with the
improvements thereon, situate on Pratt street in the City
of Baltimore, from Leanna L. Scott, she being authorized
and empowered by the will of her deceased husband,
James W. Scott, to sell and convey the same. The pur-
chaser entered into possession of the premises, having paid
a small sum on account of the purchase money. Subse-
quently he refused to complete the terms of sale, and
thereupon the vendor filed her bill against him to compel
a specific performance of the contract. The Court (Brown,
J.,) passed a *pro forma* decree requiring the defendant to
pay or bring into Court to be paid to the complainant a
sum specified, in compliance with the terms of the con-
tract, with interest, &c. And it was further decreed that
upon payment of said sum with interest, &c., the com-
plainant should execute and deliver to the defendant a
good and sufficient deed, in fee simple, for the property in
question; and that the defendant should at the same time
execute a mortgage to the complainant upon the property
to secure the payment of the balance of the purchase
money. From this decree the defendant appealed. The
case is further stated in the opinion of this Court.

The cause was argued for the appellant before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, and BRYAN, J., and submitted on brief for the appellee.

*T. W. R. Duvall,* and *John T. Mason R.,* for the appellant.

*Isaac McCurley,* and *Daniel L. Brenton,* for the appellee.·

YELLOTT, J., delivered the opinion of the Court.

This appeal is from a *pro forma* decree of the Circuit Court of Baltimore City granting the relief invoked in a bill for specific performance. James W. Scott, the husband of the appellee, died seised of the real estate now in controversy, and which is situate in the City of Baltimore. Holding this and other property in fee simple, he devised to ·his wife, the appellee, for her life, all his property of every description, with power to her, at her option, to convey to each of his three sons one-third of his property on his arrival at the .age of thirty-three years, and, in default of such conveyance, cross-remainders were given in the estate to said sons, with remainders in fee simple to their children, and in the event of there being no such children, then to those who would take an estate in fee simple by descent from the devisor.

By the third clause in his will the testator authorized and empowered his said wife to sell and convey all his property in the City of Baltimore, and to invest the proceeds in productive property in the city or county of St. Louis. In the execution of this power the appellee sold to the appellant a valuable lot which he now refuses to take, notwithstanding his written agreement to do so; alleging that by the mere legal effect of the third clause in the will, creating the power to sell, it is rendered incumbent on him to see to the application of the purchase money.

This is the sole question in controversy, and its solution is dependent upon the application of principles recognized and established by numerous authorities. STORY, in his work on *Equity Jurisprudence* says that whenever the trust is of a general and unlimited nature the purchaser need not see to the application of the fund created by the sale. And in delivering the opinion of the Supreme Court in the case of *Wormley vs. Wormley,* 8 *Wheaton,* 442, the same eminent Judge says: "Where the trust is defined in its object, and the purchase money is to be re-invested upon trusts which require time and discretion, or the acts of sale and re-investment are manifestly contemplated to be at a distance from each other, the purchaser shall not be bound to look to the application of the purchase money; for the trustee is clothed with a discretion in the management of the trust fund, and if any persons are to suffer by his misconduct, it should be rather those who have reposed confidence, than those who have bought under an apparently authorized act."

The case just cited seems to be directly in point. In the case now under consideration the sale was effected in Baltimore, and the trustee must seek for property located either in the city or county of St. Louis, where a re-investment is directed to be made. The execution of the power requires the exercise of a wide discretion, involves the consumption of much time, and presents to the purchaser the very serious obstacle of distance between the place of sale and that of re-investment.

It is unnecessary to multiply the citations of authorities, because the very recent case of *Van Bokkelen vs. Tinges and Sargeant, Trustees,* 58 *Md.*, 57, seems to determine the question. In that case the Court, adopting the language of the notes to *Elliott vs. Merryman,* 1 *White & Tudor's Lead. Cases in Eq.,* 118, 119, said : "All the cases seem to agree, that where the disposition of the proceeds depends in any material particular, upon the discretion of the

trustee, or where an interval must or may properly elapse between the sale and the application of the purchase money, the purchaser will be freed from liability by a payment to the trustee, and will not be responsible for a subsequent misappropriation by the latter." And it is further added "that where a trustee is required to sell and re-invest for the same trusts or purposes, the purchaser will be discharged from responsibility for the application of the money paid by him to the trustee."

Such being the established principle in cases of this nature it is manifest that the decree of the Circuit Court should be affirmed.

*Decree affirmed, and*
*cause remanded.*