(Decided April 30th, 1897.)

---

MILTON W. PORTERFIELD *vs.* JOSEPH L. PORTERFIELD, EXECUTOR OF HELEN O. PORTERFIELD.

*Devise and Legacy—Power to Sell Land Under a Will.*

A will devised certain land to be held for seven years in trust for all of the children of the testatrix, provided that the same might be sold or divided within said period if a majority of the children should so elect. The Orphans' Court on the application of the executor and with the written consent of all but one of the children of the testatrix passed an order directing a sale of the property. *Held*, that no power of sale was conferred upon the executor and that the Orphans' Court had no jurisdiction to order a sale.

Appeal from an order of the Orphans' Court of Washington County overruling exceptions to a sale reported by an executor and finally ratifying the same.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*Daniel W. Doub*, for the appellant.

*A. C. Strite*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This case involves the construction of certain clauses of the last will and testament of Helen O. Porterfield, of Berkeley County, West Virginia. There is a single question presented by the record, and that is, whether Joseph L. Porterfield, the executor named in the will, had authority to make sale of the real estate devised in trust, by the fourth clause of the will, under the provisions of sec. 282, Art. 93 of the Code. It is admitted that the will confers no express power of sale, but the appellees contend that the power arises by necessary implication of law. By the second clause of the will the testatrix gave, devised and bequeathed all the rest and residue of her estate, real, personal and mixed, to all her children in fee-simple, to be divided among them share and share alike, subject to the third and fourth clauses of her will.

The fourth clause, and the one upon which the decision of this case depends, is in these words : "I do hereby will, bequeath and devise to my son, Milton W. Porterfield, of Washington County, in the State of Maryland, my farm, known as the "Moler" farm, lying along the Williamsport and Hagerstown Turnpike Road, in the county and State last aforesaid, to be by him held in trust, however, for all my children, including himself, for the period of seven (7) years from the date of the probate of this my will ; provided, however, the said farm may be sold or divided between or among all my said children share and share alike at any time within the said period of seven (7) years, if a majority of all my children then living may so elect. My purpose in this provision of this my will is to prevent a sale or division of my said "Moler" farm until the end of said period of seven (7) years, or until a favorable opportunity for the sale or division of said farm may occur at any time within said seven-year period that may be satisfactory to a majority of my then living children."

By the sixth clause she appointed her son, Joseph L. Porterfield, executor, and requested that neither her exec-

utor nor Milton W. Porterfield, whom she had named as
trustee, should be required to give bond.   The remaining
clauses of the will relate to certain special devises and
bequests, but do not throw any light upon the question here
presented.

It appears from the record that on the 22nd of January,
1897, letters testamentary on the estate were granted to the
executor named in the will, and upon his application to the
Orphans' Court of Washington County, an order was pro-
cured directing a sale of this property under the fourth
clause of the will.   There was filed with the application the
written consent of all the heirs of Helen O. Porterfield,
except one, to "an immediate sale of that portion of the
Moler farm, which our mother in her lifetime laid off into
building lots, believing the present a favorable time and
opportunity to sell that portion of said farm."   The execu-
tor sold at private sale, to Milton W. Porterfield, one of the
lots designated as Lot No. 1, and to the ratification of which
exceptions were filed by the purchaser upon the ground
that the executor, under the terms of the will, had no
authority to sell and could not give a good and sufficient
deed therefor.   These exceptions were overruled, and from
the order ratifying the sale this appeal has been taken.

Looking then to the will itself we fail to find any expres-
sion which indicates an intention upon the part of the testatrix
to confer an express power to sell upon either her executor or
trustee.   By the second clause of her will she devised a fee-
simple estate in the property to her children, subject to the
proviso in the fourth clause, that the "Moler Farm" should
be held in trust for all her children for the period of seven
years, unless a majority of her children then living should
elect within that period to sell or to divide.   And she dis-
tinctly states the purpose and object of this provision of
her will to be, to prevent a sale or division of the "Moler
Farm," until the end of said period of seven years or until
a favorable opportunity for the sale or division of the farm
"may occur at any time within the seven-year period that

may be satisfactory to a majority of my then living children."

The legal estate in the property here devised is clearly vested in the children of the testatrix, and they can exercise control over the transfer of the title, if they can agree among themselves, or in case they cannot agree, and a majority should elect to sell or divide, as provided by the fourth clause, then by the intervention of a Court of Equity. As to the doctrine of implied powers relied upon by the appellee, it is only necessary to say that it has no application to this case. The law is well settled in both this country and England, "that where a testator directs that his real estate shall be sold and the proceeds of sale are to be disbursed or distributed by the executors, the power to sell is an implication of law." *Ogle and Des Forges, Exrs.,* v. *Reynolds,* 75 Md. 150; *Magruder* v. *Peter,* 11 G. & J. 226; *Peter* v. *Beverly,* 10 Peters, 565; *Doe* v. *Hughes,* 6 Exchequer, 223.

It follows that the order of the Orphans' Court appealed from must be reversed and the petition dismissed.

*Order reversed and petition dismissed with costs.*

(Decided April 30th, 1897).