NEWTON W. WHITFIELD ET AL. *v.* IRENE S. BURKE ET AL.

LIFE TENANTS. *Sale. Reinvestment of proceeds. Duty of purchaser.*

> Where by deed or will a tenant for life has power to sell the lands for reinvestment of the proceeds, a *bona fida* purchaser is not under any duty to see that the investment is in fact made.

FROM the chancery court of Lowndes county.

HON. JAMES F. McCOOL, Chancellor.

Whitfield and others, the appellants, were complainants in the court below; Mrs. Burke and others, the appellees, were defendants there. From a decree in defendants' favor the complainants appealed to the supreme court. The facts are stated in the opinion of the court.

*R. C. Beckett,* and *J. J. McClellan,* for appellants.

It is to be borne in mind that the intention of the creator of a power, if compatible with the law, is to govern, whether the power be raised by deed or by will, and that where the power is raised by a contract the intention of the parties is to control. *Heirs of Capel* v. *McMillan,* 8 Port., 205; *Wilson* v. *True,* 2 Cow., 195; *Jackson* v. *Veeder,* 11 Johns., 169; *Mitchell* v. *Maupkin,* 2 Tiedeman, 185; *Guion* v. *Pickett,* 42 Miss., 77; *Smith* v. *Taylor,* 21 Ill., 296.

The intent is generally to be ascertained from the instruments, although in some cases reference may be had to the circumstances under which the power was created. *Heirs of Capel* v. *McMillan; Smith* v. *Taylor, supra.*

Where the purpose of a power is known, it will be so construed as to affect the purpose; thus where there is a power to raise portions for children or to pay debts, the court will incline against that construction which would leave children

unprovided for or the debts unpaid. *Taylor* v. *Harwell,* 65 Ala., 1.

A power appended to a life estate will not enlarge it into a fee. Sugden on Powers, 65; *Andrews* v. *Brumfield,* 32 Miss., 115.

In executing a power, the donee thereof must show that he acts thereunder, for if left in doubt it will be resolved to the contrary. Story, Eq. Jur., sec. 1062a, note 1.

In this case the remainderman, as well as the life tenant, were devisees under the will. The life tenant's power to sell, by virtue of the exercise of which the appellees claim, is expressly limited to the contingency that the life tenant, William H. Whitfield, should desire to sell the real estate devised to him for the purpose of purchasing other lands or other productive property, the proceeds of the property sold to be invested in other productive property, with limitations over to his children, the appellants.

The bill alleges that the conveyance executed by William W. Whitfield was not executed for the purpose of reinvestment of the proceeds of the sale in other property, as named in item fifteen of said will of William Whitfield; nor were the proceeds of said sale, as a matter of fact, invested in other property, as named in item fifteen of said will of William Whitfield. These allegations of the bill are admitted by the demurrer. 11 Am. Dec., 178; *Williams* v. *Berry,* 8 Howard, 495; *Baxter* v. *Bond,* 15 S. W. Rep., 875; *Cleveland* v. *Bouren,* 27 Barb., 252; *City Council of Augusta* v. *Radcliffe,* 66 Ga., 469; 4 Lead. Cas. in Am. Law of Real Property, 46.

*Newnan Cayce,* and *E. T. Sykes,* for appellees.

That no duty rests upon the purchaser regarding reinvestment of proceeds in such case as is presented by the bill herein, see following authorities: 3 Redfield on Law of Wills, p. 235, sec. 12; 2 Perry on Trusts, p. 450, sec. 801; 2 Story's Eq.

Jur., p. 369, sec. 1127, note 2; 2 Story's Eq. Jur., p. 376, secs.
1134 and 1135; *Tyler* v. *Herring,* note, 19 Am. St. Rep.,
281; *Elliott* v. *Merryman,* 1 Lead. Cas. in Equity, p. 123,
*et seq.*

\* MAYES, Special J., delivered the opinion of the court.

In the year 1854 William Whitfield died, leaving a will,
by the eighth article of which he devised to William W. Whit-
field, his son, certain lands in Lowndes county, for the term
of his natural life, with remainder to the children of the
devisee. The fifteenth article of the will contained the fol-
lowing language: "Nevertheless, I hereby authorize my sons,
if they desire, or if either of them are desirous, to sell the real
estate devised to him for the purpose of purchasing other lands
or other productive property, . . . to sell the real estate
. . . for the reasons before given, and the title shall be
good to the purchaser. The proceeds of the sale, however, is
to be invested in other productive and valuable property, and
is to be held under the limitations and conditions of all the
property so held by them."

The bill in this case alleges that the said William W. Whit-
field alienated the lands so devised to him, in the year 1859,
by a deed, the terms of which purported to convey the fee,
and that the defendants to the bill held by subsequent convey-
ances under that deed. The bill also alleges that William W.
Whitfield died in the year 1903, and that complainants are the
remaindermen entitled under their grandfather's will. It
avers, among other things, as follows: "Complainants further
show that this conveyance executed by William W. Whitfield
to the said James W. Sykes was not executed for the purpose
of reinvestment of the proceeds of the same in other property,
as named in item fifteen of such will of William Whitfield,

---

*Chief Justice Whitfield, being akin to some of the parties, recused himself in this case;
and Edward Mayes, Esq., a member of the supreme court bar, was appointed, and presided
in his place.

nor were the proceeds of such sale, as a matter of fact, invested in the other property, as named in item fifteen of such will of William Whitfield." This bill was demurred to. The chancellor sustained the demurrer, and from such decree an appeal was allowed to this court, on the prayer of complainant, to settle principles.

The controlling question presented is whether in a case where, by deed or will, the life tenant is invested with power to sell for the purpose of reinvesting the proceeds, the obligation devolves upon the purchaser to see that the reinvestment is in fact made. *In Wormley* v. *Wormley,* 8 Wheat., 421 (5 L. ed.; 561), it is said: "There is much reason in the doctrine that where the trust is defined in its object, and the purchase money is to be reinvested upon trusts which require time and discretion, or the acts of sale and reinvestment are manifestly contemplated to be at a distance from each other, the purchaser shall not be bound to look to the application of the purchase money; for the trustee is clothed with a discretion in the management of the trust fund, and if any persons are to suffer by his misconduct, it should be rather those who have reposed confidence than those who have bought under an apparently authorized act." The same question, essentially, has arisen under various conditions, and will be found decided the same way, in the following cases: *Redford* v. *Clark,* 100 Va., 115 (40 S. E., 630) ; *Redheimer* v. *Pyron,* Speers' Eq., 134; *Webb* v. *Chisolm,* 24 S. C., 487; *Keister* v. *Scott,* 61 Md., 509; *Van Bokkelen* v. *Tinges,* 58 Md., 53; *Doren* v. *Wiltshire,* 3 Swanson, 699. See also notes to *Elliott* v. *Merryman,* 1 White & Tudor Lead. Cas. Eq., 118, 119. The case of *Baird* v. *Boucher,* 60 Miss., 326, relied on as authority by appellants, is not in point. The nature of the confidence committed to the donee of the power in that case was essentially different from the large discretion which is given to one who is authorized to sell and reinvest. The widow was there

authorized to sell if at any time she should think it best to remove from the premises. She did not remove, but continued to live on the place, notwithstanding her deed. Her deed was made to two of her daughters, with whom she continued to live, the court holding that they were implicated in an arrangement intended to oust the other remaindermen from their interest in the estate. Of course, if it could be shown that the purchaser participated in the making of an unauthorized conveyance under such a power, the title acquired by him would be defeasible, as was the case in *Wormley* v. *Wormley,* cited above, and in other cases not necessary to cite here. But no such case is made by the bill.

*The decree of the court below is affirmed.*