# H. B. McLAUGHLIN, JONAS ESHLEMAN AND LEWIS E. SMITH

*vs.*

# EDWARD E. FLEMING.

*Wills: construction; life estates; with power of sale; when purchaser not required to look to the application of the purchase money. Trustees' sales.*
*Executors: sales by.*

The great.object in construing a will is to ascertain from the face of the instrument the intention and desire of the testator, which is always to be carried into effect, unless opposed by some principle or positive law.                    p. 33

A will and codicil constitute one instrument, and the codicil, revoking in terms a portion of the will, in effect, republishes the whole will, as of the date of the codicil, in respect to all parts of the will not revoked by it, by express terms, or by provisions so entirely inconsistent with the terms of the will as to make it impossible to give effect to them.                    p. 34

By her will, a testatrix devised all of her property to her husband for his natural life, then to her children, etc., and named her husband her executor; by a codicil, she conferred upon him, in the exercise of his judgment and discretion, full power and authority to sell, in any manner that he might see fit, any or all of the lands or property, or the estate bequeathed and devised, etc., to him, etc., with power to convey, transfer and assign the same to the purchaser or purchasers thereof; the codicil further provided that the proceeds arising from any such sale or sales should be invested or reinvested by him from time to time, he to have absolutely the income thereof and therefrom during the term of his natural life, etc.; it was *held*, that, by the will and codicil, the husband was authorized to sell

all or any of the land and property of the testatrix in which an estate was devised and bequeathed to him for his natural life; and that since such an estate was given, etc., in all property and land of the testatrix, he was thereby authorized to sell all or any of the estate, and was not limited to the sale of his life estate. pp. 34, 35, 36

Such authority was not conferred upon him as executor, and no report of any sale or sales was necessary to be made by him, as such, to the Orphans' Court. p. 36

Purchasers at sales so made by the husband are not required to see to a proper application of the purchase money. p. 37

When a trustee is required to sell and reinvest for the same trusts and purposes as those expressed by the instrument creating the trust, the purchaser will be discharged from responsibility for the application of money paid by him to the trustee. p. 37

*Decided June 26th, 1914.*

Appeal from the Circuit Court for Washington County. In Equity. (KEEDY, J.)

The facts are stated in the opinion of the Court.

The cause was submitted to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Buchanan Schley, Abraham C. Strite* and *Otho V. Middlekauff,* filed a brief for the appellant.

*J. A. Mason,* filed a brief for the appellee.

PATTISON, J., delivered the opinion of the Court.

This case is before us on appeal from a decree of the Circuit Court for Washington County passed upon the facts in a case stated under Rule 47 of the equity rules promulgated by this Court. The facts agreed upon and stated in the record are as follows:

Cora A. Fleming, late of Washington County, deceased, departed this life on or about the 1st day of February, 1912, leaving no indebtedness, but seized and possessed of real and personal property in said Washington County and in Franklin County, Pennsylvania, and leaving a last will and codicil which have been duly admitted to probate by the Orphans' Court of Washington County aforesaid and letters testamentary have been issued thereon out of said Court to her husband, Edward E. Fleming.

By her will, executed the 24th day of September, 1909, she disposed of her property as follows:

"First. I will, give, bequeath and devise unto my husband, Edward E. Fleming, of said County and State (Washington County, Maryland,), for and during the term of his natural life, all of my estate and property, real, personal and mixed. * * * He to have the full use, enjoyment, benefit and income and production thereof and therefrom, for and during the term of his natural life; and from and after the death of my said husband, then to my children or child then living, and to the issue, then living, of any child or children of mine which may then be deceased, as tenants in common, etc.

"Second. I do hereby nominate, constitute and appoint my said husband, Edward E. Fleming, to be the sole executor of this my last will and testament, and will and direct that no bond shall be required of him as such, nor shall any bond be required of him for the preservation of the estate herein and hereby willed, given, bequeathed and devised to him for the term of his natural life."

In the codicil to her will, executed on the 20th day of September, 1911, are found the following provisions:

"First. I do hereby will and direct that my said husband, Edward E. Fleming, whenever in his own judgment and discretion he may desire to do so, is hereby given full power and authority to sell in any

manner he sees fit, the lands or property, or any part thereof, or any or all of the estate given, bequeathed and devised to him for and during the term of his natural life, and to convey, transfer or assign the same to the purchaser or purchasers thereof, and that the proceeds arising from any such sale or sales shall be invested and reinvested by him from time to time, he to have absolutely the income thereof and therefrom during the term of his natural life, but and provided, however, that my said husband, if he so desires, to take effect in his lifetime, may give, convey or assign to any or all of my children, or the issue of them or any of them, any part or portion of the lands, estate, corpus or principal thereof given, bequeathed and devised to him for life, in such manner and amount or portions as he may deem proper, with power to create any trust for the benefit and use of my children or any of them, or the issue of them or any of them.

"Second. I do further will and direct that if my said husband shall not have disposed of the estates and property amongst my children, or the issue of them or any of them as in the preceding paragraph provided, that he shall, by last will and testament, dispose of the same amongst my children, or the issue of them or any of them, in such manner and amounts as he may think right and just, with power to create any trust he deems prudent, for my children or any of them, or the issue of them or any of them, and in the event of my said husband not executing the power or powers given to him in and by this codicil to dispose of the estate or any part or portion thereof amongst my children or any of them, or the issue of them or any of them, that the estate remaining after the termination of the life estate to my said husband, shall pass and take effect as provided in my said last will and testament."

After the death of the testatrix and after Edward E. Fleming had become seized and possessed of her estate and property under and by virtue of said will and codicil thereto, he

sold unto each of the appellants, Lewis E. Smith, H. B. Mc-
Laughlin and Jonas Eshleman, a part of said lands lying and
being in Washington County, Md., and, as it is alleged in
the statement of facts, the said appellants (plaintiffs in the
Court below), "are ready, willing, and able to perform their
contracts of purchase on their respective parts according to
the terms and provisions of the respective contracts of pur-
chase entered into by each of them with the said Edward E.
Fleming, but certain doubts upon the part of the complain-
ants have arisen as to the proper interpretation and construc-
tion of the will of Cora A. Fleming, which relate to the suf-
ficiency of the title which your purchasers would take from
Edward E. Fleming, as to a proper application of the pur-
chase money and of the duty of your respective petitioners
on their respective parts to see to the application thereof.
Whereupon the Court below was asked to construe the will
and codicil in respect to the points raised and questions pre-
sented in the case stated, and to pass a decree in conformity
therewith.   The questions so presented are as follows, to wit:

1st. "Whether Edward E. Fleming under the terms of
said will and codicil has the right to sell and can make
marketable title to said lands."

2nd. "Whether Edward E. Fleming, under a proper con-
struction and interpretation of said will, is not required to
sell said lands as executor and report his sales to the Orphans'
Court and have them ratified by said Court, according to the
provisions of the Code of Public General Laws of Maryland
for such cases made and provided."

3rd. "Whether it is the duty under the proper construc-
tion and interpretation of said will and codicil for your
complainants to see to a proper application of the purchase
money when paid by them."

The Court below construed the will and codicil in respect
to the questions presented and held that an affirmative answer
should be given to the first question, while the second and
third questions should be answered in the negative, and

passed its order or decree of March 6, 1914, in conformity with such decision, declaring:

"First. That the said Edward E. Fleming under the terms of the will and codicil of his wife, Cora A. Fleming, has the right and power to sell and convey the lands of the said testatrix as has been done by him, as shown by Exhibit 2 filed in this cause (which is a copy of the contract of sale made in writing by and between the said Edward E. Fleming and the appellant, Lewis E. Smith, by which a part of said lands of the said testatrix were sold by Edward E. Fleming, as an individual and not as an executor, unto the said Lewis E. Smith), and that the said Edward E. Fleming can grant and convey a marketable title to said lands in fee.

"Second. That the said Edward E. Fleming, under a proper construction and interpretation of said will and codicil, is not required to sell said lands as executor and report his sales to the Orphans' Court of Washington County for ratification, as is generally required in cases of sales of real estate made by executors.

"And Third. That it is not the duty, under the provisions of said will and codicil, for the complainant, or any of the purchasers of said land, to see to the application of the purchase moneys paid by them, or by any of them, for the land conveyed to them, respectively, by the said Edward E. Fleming, under the power and authority conferred upon him by the testatrix in said will and codicil relative thereto."

It is from the above decree of the lower Court that this appeal is taken.

In deciding this appeal we are called upon to construe the will and codicil only to the extent of determining whether or not the Court below, by its decree appealed from, properly answered the aforesaid questions.

"In this case, as in every other case in which a will is to be construed, the great object is to ascertain, from the face of the paper, the intention and design of the testator; which is to be carried into effect unless opposed by some principle of

positive law. The will and the codicil constitute one instrument; and the codicil revoking, in terms, a portion of the will, has the effect to republish the will as of the date of the codicil, in respect to all parts of the will not revoked by the codicil either in express terms or by a bequest or devise so entirely inconsistent with the terms of the will as to make it impossible to give effect to both." *Jones* v. *Earle,* 1 Gill, 400.

In reviewing the decision of the lower Court we will consider together the first and second questions presented. These questions are: (1) Can Edward E. Fleming, under the terms of the will and codicil, sell and convey a marketable title to the lands of the testatrix mentioned and described therein? And (2) If so, is he required to sell such lands as executor and report the sale or sales thereof to the Orphans' Court of Washington County to be ratified by it?

The codicil of the will confers upon Edward E. Fleming the exercise of his judgment and discretion, "full power and authority" to sell in any manner he sees fit *the lands or property, or any part thereof, or any or all of the estate given, bequeathed and devised to him for and during the term of his natural life,* and to convey, transfer or assign the same to the purchaser or purchasers thereof."

The contention of the plaintiff is, that by the use of the above language of the codicil no power or authority is conferred upon Fleming to sell and to convey, transfer or assign to the purchaser or purchasers thereof more than his life estate in the lands and property so devised and bequeathed to him.

This certainly could not have been the meaning of the testatrix as shown by the will and codicil. The codicil further provides: "The proceeds arising from any such sale or sales shall be invested and re-invested by him from time to time, he to have absolutely the income thereof and therefrom during the term of his natural life," etc.

By the will a life estate in all the lands and property of the testatrix was devised and bequeathed to Edward E. Flem-

ing, and it required no express authority therein to enable him to sell and to convey, transfer or assign such *life estate* to the purchaser or purchasers thereof, and when sold the proceeds of sale of such life estate would be his absolute property and estate. There was no need of any power or authority being conferred upon him by the codicil enabling him to sell and dispose of such life estate; this right, as we have said, he had without any such express power or authority.

Therefore, to give the language of the codicil the meaning claimed for it by the plaintiffs, it would have the effect of restricting Fleming in the full benefit and enjoyment of his life estate, for should he sell it, the proceeds are not to be his absolutely, but are to be invested, he to receive only the profit and income from such investment; and it would have the effect, in the event of such sale, of lessening the estate so devised and bequeathed to him, under the *will,* in the land and property of the testatrix.

Such a meaning placed upon the language of the codicil would be altogether inconsistent with the additional confidence reposed in the husband by her codicil to the will. The codicil further provides that the husband, "if he so desires, to take effect in his lifetime, may give, transfer and assign to any or all of my children, or the issue of them or any of them, *any part or portion of the lands, estate, corpus or principal thereof, given, bequeathed and devised to him for life,* in such manner and amount or portion as he may deem proper."

It certainly can not be successfully contended that it is only his life estate that he is authorized to convey and assign to those named in the codicil, but if the contentions of the plaintiffs were adopted, we, to be consistent, would be required to so hold, for the language used in describing the property and estate that he is authorized to convey and assign to such person is practically the same when considered in determining the question before us, as the language used in

describing the property and estate that Fleming is author-ized to sell and to re-invest the proceeds thereof. The prop-erty or estate that he was authorized to sell is the same prop-erty or estate that he is authorized to convey and assign to those mentioned in the codicil.

Therefore, if any doubt existed as to the meaning of the testatrix in the use of the above quoted language, it is cer-tainly removed when in the succeeding item of the codicil it is provided: "That if my said husband shall not have dis-posed of the estate and property amongst my children, or the issue of them or any of them, *as in the preceding para-graph provided,* he shall by last will and testament dispose of the same, etc." It surely will not be contended that the prop-erty he was authorized to dispose of by last will and testa-ment was only his life estate in the lands and property that were devised and bequeathed to him, for this he could not have disposed of by will, as such estate terminated at his death.

The above italicized words "given, bequeathed and devised to him for and during the term of his natural life," or "given, bequeathed and devised to him for life," are not used to limit the estate that he is to sell, or that he is to convey or assign to those named in the codicil, but they are merely descriptive of the lands and property that he is authorized either to sell and invest the proceeds thereof, or to convey and assign to those named in the codicil. In other words, he is authorized to sell all or any part of the land and property of the testatrix in which an estate was "given, devised and bequeathed to him for his natural life," and as such an estate was given, devised and bequeathed to him in all the property and land of the testatrix, he is authorized to sell all or any part of her estate, and such authority was not, in our opin-ion, conferred upon him as executor. Consequently, no report of any sale or sales was to be made by him as executor to the Orphans' Court of Washington County for ratification by it. Looking both to the will and codicil we find no expres-

sions which indicate an intention on the part of the testatrix to confer the power or sale upon Fleming as executor. No power of sale is found in the will; it is only in the codicil that we find such power, and no reference is therein made to Fleming as executor, and there is no language used therein that may be construed as conferring such power upon him as executor by implication. It was not upon him as executor that the power was conferred. *Porterfield* v. *Porterfield,* 85 Md. 665.

As to the last question presented, that is, whether it is the duty of the plaintiffs to see that a proper application of the purchase money is made by Fleming when the same is paid to him, the rule applicable thereto, as stated in *Van Bokkelen* v. *Tinges,* 58 Md. 57, and followed in the later case of *Keister* v. *Scott,* 61 Md. 507, is, that where the disposition of the proceeds depends in any material particular upon the discretion of the trustee, or where an interval must or may properly elapse between the sale and the application of the purchase money, the purchaser will be free from liability by payment to the trustee and will not be responsible for a subsequent misappropriation by the latter. And it is further added that where a trustee is required to sell and re-invest for the same trusts or purposes, the purchaser will be discharged from responsibility for the application of money paid by him to the trustee. And, therefore, under this rule, which is applicable in this case, the appellants, purchasers as aforesaid, are not required to see that a proper application of the purchase money is made by Fleming.

The order of the Court, therefore, will be affirmed, and as such order required each of the parties to pay his own costs in the Court below, we will here simply dispose of the costs in this Court, or the costs of this appeal, by requiring the appellants to pay such costs.

> *Order affirmed, with costs of this appeal to*
> *be paid by the appellant.*