# MORRIS J. ROSENZWOG

## *vs.*

# BERYL M. GOULD.

*Equity*: *effect of decree; question of jurisdiction; how raised.*
*Wills*: *contingent remainders of devisee certain to*
*take if death of devisee before contin-*
*gency*: *interest to heirs or rep-*
*resentatives.*

The improvident or erroneous exercise of a court's jurisdiction, or the exercise of jurisdiction in a manner not warranted by the evidence, whether it be in respect to the construction of written instruments, or reduction from unwritten proof, are not to be corrected at the expense of an innocent purchaser.    p. 212

Where a court has competent jurisdiction over the subject-matter and parties, it has the right to decide every question that arises in the case, and whether the decision be right or wrong, its decision must be respected by all other courts when coming collaterally in question.                                    p. 212

When a contingent remainder is devised, and the person to take is certain, if that person dies before the happening of the contingency, his representatives or heirs take his interest.
                                                                                        p. 214

*Decided June 28th, 1917.*

Appeal from Circuit Court No. 2 of Baltimore City. (DUFFY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCON, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Karl A. M. Scholtz,* for the appellant.

*Leigh Bonsal,* for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

This appeal is from a decree passed decreeing specific performance of a contract made by the appellant for the purchase from the appellee of a ground rent issuing out of property located in Baltimore City. The bill alleged that the appellee acquired title through one James H. Corrigan, substituted trustee of the trust estate created by the will of Samuel Hubbell, who died in 1836, leaving surviving him as his heirs at law and next of kin a widow, Sarah C. Hubbell, who died in 1880, and a daughter Rachel, who intermarried with one Barnard; that the daughter Rachel had one child, Kate G. Barnard, who married one Gaspari; that Kate G. Gaspari died in 1911, without descendants and prior to the death of her mother, the daughter of the testator, in 1915. Shortly after the death of Rachel E. Barnard her executors filed a petition in the equity case, in which years prior the Superior Court had assumed jurisdiction over the Samuel Hubbell trust estate, asking the Court to decree as to whom the trust estate should go, that is, to the legatees under a will left by the said Rachel E. Barnard or to the heirs at law of the brother and sisters of the testator, Samuel

Hubbell, who had been named in his will to receive the principal of the trust estate in the event of the death of his daughter Rachel without descendants. To this petition all of the legatees under the will of Rachel E. Barnard and all of the descendants of the deceased brother and sisters of Samuel Hubbell, who were entitled by descent or otherwise to the estate of their respective parents, filed answers. Upon submission of the case to the Court, it was decreed that the daughter Rachel had but a life estate, and the trustee was directed upon request being made by the descendants of the brother and sisters, all of whom were *sui juris,* to sell the property and distribute the proceeds among them. Said request was filed, and the property duly sold to the appellee and said sale duly reported to and ratified and confirmed, and a distribution of the trust estate made in conformity to the decree, and no appeal taken from the decree.

The answer filed by the appellant admitted all the allegations of facts contained in the bill, but alleged that the decree authorizing the sale and distribution under the same was invalid, for want of proper parties before the Court. The case was then heard on bill and answer.

This case plainly comes within the thoroughly settled doctrine applicable to collateral attacks upon titles obtained by purchasers at sales under decrees of a Court of Equity. The rule is well stated in *Long* v. *Long,* 62 Md. 33, as follows:

"With respect to the jurisdiction and power of the County Court to pass the decree, under which the sale was made, we can entertain no doubt. The clause of the will forbidding the sale or lease of the property until the occurrence of certain events, did not affect the jurisdiction of the Court. The Court was one of general equity jurisdiction, and the subject matter and the parties fell within the limits and scope of that jurisdiction. The object of the application was, in the first place, to have one trustee removed and another appointed in his stead; and, in the second place, to have real property which was held in trust sold for the interest and

common benefit of all parties concerned. These were objects clearly within the jurisdiction of the Court; and while it may have been error to authorize the sale, in view of the special provision of this will, yet that was matter of construction upon which the Court was competent to pass, and for any error committed in that respect, the proper remedy was either by bill of review in the same Court, or an appeal to a Court of Review. The general and well settled rule of law in all such cases is, that when the proceedings are collaterally brought in question, and it appears on their face that the subject matter was within the jurisdiction of this Court, they were not impeachable for mere errors or irregularities that may be apparent. Such errors and irregularities must be corrected by some direct proceeding, either in the Court to set them aside, or on appeal. If, however, there be a total want of jurisdiction, either of parties or subject matter, the proceedings are void and can confer no right, and will be rejected, though the objection be taken to them in a collateral proceeding. But where there was jurisdiction in the Court, the erroneous or improvident exercise of it, or the exercise of it in a manner not warranted by the evidence before it, whether that be in respect to the construction of written instruments, or deduction from unwritten proof, the errors, however apparent, are not to be corrected at the expense of a purchaser, who had a right to rely upon the order of the Court, as an authority emanating from a competent jurisdiction. The County Court having jurisdiction over the subject matter and the parties, it had a right to decide every question that arose in the cause, and whether the decision be right or wrong, it must be respected by all other courts when coming collaterally in question. Any other principle would unsettle and render insecure the larger portion of the titles of the country.

"This Court, in common with the other appellate courts of this country, has repeatedly asserted these principles to their fullest extent." See *Miller's Equity, sects.* 516 and 517 and notes.

Such being the law applicable, it only remains to ascertain, whether the proper parties were before the Court, in order that it should have had complete jurisdiction to make the decree a valid one, so far as this attack upon its validity is concerned.

We do not deem it necessary to set out the will of Samuel Hubbell *verbatim,* but will confine ourselves to the substance thereof as pertinent to the question here involved.

It directed that certain trustees should receive the sum of ten thousand dollars, the proceeds of a life insurance policy, and invest the same, preferably, in ground rents in Baltimore City and pay from the net proceeds thereof for a term of ten years fifty dollars to a certain Capt. Godfrey or his heirs for the purpose of liquidating a debt of five hundred dollars owing by him to Godfrey; until that debt was paid in full the widow was to receive the balance of the rents and profits, but, after the full payment, the widow was to receive the whole of the net profits, for life. After the death of the widow the trustees were to pay the same, and in like manner, to his daughter Rachel during her natural life, "and after her death the same and in equal proportions to her children until the youngest of them shall have attained the age of twenty-one years, then to such children as shall be living at that time the whole estate shall be given in fee simple when said trust shall be at an end. But in the event of the death of my said wife S. C. Hubbell, and my daughter, Rachel Eliza Hubbell, said Rachel Eliza Hubbell leaving no child or children, then said trustees shall pay to my sister, Susan Scott, one hundred dollars a year during her natural life." The balance of the dividends were to be added to the principal of the estate and "retained in the hands of the trustees for the term of twenty-one years after the death of the testator, and his wife, S. C. Hubbell, and his child, Rachel Elizabeth Hubbell," at which time the estate was to be divided equally among his brother and sisters, each of whom was

named expressly in the will.  Susan Scott died several years before the widow and daughter of the testator.

It is a well settled principle of law, that when a contingent remainder is devised, where the person who is to take is certain, and that person dies before the happening of the contingency his representatives or heirs, take his interest. *Buck* v. *Lantz,* 49 Md. 439; *Hambleton* v. *Darrington,* 36 Md. 434; *Demill* v. *Reid,* 71 Md. 175.  By the terms of the will the sisters and brother were to take in the event of the death of his daughter leaving no child or children.  At the time of the daughter's death all of the sisters and brothers were dead.  The Court in construing the will and determing the parties entitled under its terms, took proof as to whom were the heirs, or otherwise entitled, of the deceased brother and sisters and determined them, and held, that, since the wishes of the testator had been gratified and the persons entitled were *sui juris* the trust would be terminated upon their request and consent.

We must hold then that with these parties before the Court it had jurisdiction and that, therefore, the decree passed therein is not subject to this collateral attack.

It follows that the lower Court was correct in passing the decree from which this appeal was taken.

*Decree affirmed, with costs to the appellee.*