# HERMAN I. POWELL

*vs.*

# MAMIE C. BAILEY ET AL.

*Judicial Sale—Jurisdictional Averments—Disposition of Proceeds.*

The test of the jurisdiction to decree a sale is whether the bill by which it is invoked can be maintained against a demurrer.

p. 172

In a bill by a life tenant of land for the sale of a part thereof under Code, Art. 16, sec. 228, the effect of the jurisdictional allegation that a sale would be advantageous to the remaindermen, plaintiff's children, as well as to plaintiff herself, was not destroyed by the further averments that the purpose of the proposed sale was to realize a sum sufficient to discharge the taxes upon the balance of the land, and so prevent the loss to the remaindermen, by reason of the sale of plaintiff's life estate for taxes, of the continued occupation of such balance as their home.

pp. 172, 173

The provision of the statute that the court shall direct the investment of the proceeds is secondary to that authorizing a decree of sale, and does not require such decree to contain a direction for investment.

p. 174

An error in regard to the disposition of the proceeds of sale, while subject to correction on appeal or bill of review, does not impair the rights of the purchaser under a decree of sale passed in a case in which the jurisdiction of the court has been effectually invoked.

p. 174

A purchaser at a judicial sale, who has fully paid the purchase money, is not required to concern himself with its subsequent application.

p. 175

*Decided March 3rd, 1921.*

Opinion of the Court. [138

Appeal from the Circuit Court for Wicomico County, In Equity (BAILEY, J.).

The cause was argued together with that next following before BOYD, C. J., BRISCOE, THOMAS, URNER, OFFUTT, and ADKINS, JJ.

*Benjamin A. Johnson,* with whom were *Long & Johnson* on the brief, for the appellant.

*James E. Ellegood,* with whom were *Ellegood, Freeny & Wailes* on the brief, for the appellees.

URNER, J., delivered the opinion of the court.

In the year 1887 Henry Fooks conveyed a farm of 155 acres in Wicomico County to his daughter-in-law, Cornelia Ann Fooks, for life, and after her death to the children then or thereafter born of her marriage with Levin W. Fooks, the son of the grantor. Twelve years later a bill in equity was filed by the life tenant for the sale of a portion of the farm on the theory that such action would be advantageous to herself and her children. The plaintiff's husband and their two children, both infants, were made defendants in the proceeding. The bill alleged that the plaintiff's life estate in the farm was liable for taxes aggregating $166.29, which had been long in arrears and which she was unable to pay, that she had been notified by the tax officials of their intention to sell her life estate unless the taxes were paid immediately, and that it would be for the best interests of the plaintiff and her children, whose home was on the farm, that a small part of it on the west side, not exceeding twelve acres, should be sold, and a sufficient sum thus realized to discharge the taxes in arrears and to obviate a forced sale for their payment. After answers and proof in regular course, a decree was passed in March, 1899, for the sale of twelve acres of the farm. The sale was duly made, reported and ratified. As the result of subsequent conveyances, the land sold under the

decree was acquired by Robert E. Bailey, and upon his death intestate passed to his widow and children, who are the parties to the present proceeding for the sale of the property for the purposes of partition. The land having been sold under decree in the pending cause, and the purchaser having unsuccessfully excepted to the sale on the ground that the decree of 1899, under which the title is derived, was beyond the jurisdiction of the court by which it was passed, the only question to be determined on this appeal is whether the objection thus made to the title is valid.

As the former proceeding was concerned with the sale of property the title to which was subject to limitations, after a life estate, in favor of remaindermen, who might include persons thereafter born, the jurisdiction to decree a sale binding the whole title would have to be predicated upon Section 228 of Article 16 of the Code, which provides that in such a case:

"A court of equity may, if all the parties in being are parties to the proceeding, decree a sale or lease thereof, if it shall appear to be advantageous to the parties concerned, and shall direct the investment of the proceeds of sale or the limitation of the reversion or rent, as the case may be, so as to enure in like manner as by the original grant to the use of the same parties who would be entitled to the land sold or leased, and all such decrees, if all the persons are parties who would be entitled if the contingency had happened at the date of the decree, shall bind all persons whether in being or not, who claim or may claim any interest in said land under any of the parties to said decree, or under any person from whom any of the parties to such decree claim, or from or under or by the original deed or will by which such particular limited or conditional estates, with remainders or executory devises, were created."

The earlier decree is said to have been without the requisite jurisdictional basis, under the Code provision we have quoted, because it appears from the allegations of the bill that the

sale which it sought to accomplish would not in reality be for
the benefit of the remaindermen, but merely for the protec-
tion of the life estate against the impending sale for taxes,
and that the money produced by the sale under the decree
was designed to be used for that purpose and not to be rein-
vested. While the bill avers that the proposed sale would
be advantageous to the remaindermen as well as to the life
tenant, the contention is that the reason alleged for the pro-
ceeding negatived the theory that the former would be bene-
fited and showed that the object to which the proceeds of sale
were to be applied was not an investment within the require-
ments of the statute.

The conditions, prescribed by Section 228 of Article 16 of
the Code for the exercise of the jurisdiction it confers, are
that "all the parties in being are parties to the proceeding,"
and that the sale to be decreed "shall appear to be advantage-
ous to the parties concerned." Under those conditions a court
of equity is expressly authorized to decree a sale "on applica-
tion of any of the parties in interest." When a sale is thus
decreed the court "shall direct the investment of the proceeds
of sale," "so as to enure in like manner as by the original
grant."

The test of the jurisdiction here questioned is to determine
whether the bill by which it was invoked could have been
maintained as against a demurrer. *Scarlett* v. *Robinson,* 112
Md. 207; *Hamilton* v. *Traber,* 78 Md. 29. If the bill con-
forms to the statutory conditions upon which the jurisdiction
rests, the validity of its exercise in the case under inquiry
must be recognized. The parties to the bill were "all the
parties in being" who were interested in the property. It
was distinctly alleged that it would be advantageous to the
parties concerned for the land specified in the bill to be sold
under a decree. If there had been no reference in the bill
to the taxes in arrears, its sufficiency, so far as the allega-
tion as to the reason for the sale was concerned, would not be
questioned. If the averment upon that point had been made,
as it usually is, simply in the language of the statute, it would

be good as against demurrer, and the jurisdiction of the court, with respect to that condition, would be sustainable, even though the decree had been passed after testimony showing that the payment of the taxes owing by the life tenant was the only purpose for which the sale was proposed. As stated by this Court in *Slingluff* v. *Stanley,* 66 Md. 225: "It is the allegations of the bill that confer jurisdiction and determine the power of the court to decree the sale; and though the proof may be defective, or the decree be passed without proof, that does not affect the question of the jurisdiction of the court." As the bill we have now under consideration contains the jurisdictional allegation that a sale would be advantageous to the parties, the only question to be considered, upon this phase of the objection to the title, is whether the effect of that allegation is destroyed by the explanatory statement by which it is accompanied.

The sale of the designated parcel of land is alleged, in substance, to be advantageous to the plaintiff and her children because it will provide the means of preventing the loss to them, through a tax sale, of the continued occupation of the remaining land upon which they have their home. It was undoubtedly the duty of the life tenant to pay the taxes, and it was only the life estate which was proposed to be sold by the tax collector under a local law then in force. But the life tenant could not pay the taxes, as the bill alleged, and the sale of her life estate would have deprived the infant remaindermen of their home for an indefinite period. It would have transferred the property, for the duration of the life interest, to the possession of a stranger, who could not have been expected to use it with the care and solicitude for the interests of the remaindermen that would naturally be observed by their own mother as life tenant. From the standpoint of their immediate welfare and of the proper protection of their interest in the farm, it was very important that the sale of the life estate for the unpaid taxes should be prevented, and the equity proceeding to which they were made parties was directed to the accomplishment of that result.

In our opinion the allegations on this subject were sufficient
to support the jurisdiction to decree the sale.

Upon the question whether the averment as to the object
for which the proceeds of the sale were designed to be used
should be held to have precluded the passage of a valid decree,
it is to be observed that the provision in the Act in reference
to the investment of the proceeds is secondary to the one by
which the decree of sale is authorized. It is after the basis
of the jurisdiction to pass such a decree has been completely
defined, that provision is made for the disposition of the pro-
ceeds of the property decreed to be sold. Under the pre-
scribed conditions a court of equity "may decree a sale," "and
shall direct the investment of the proceeds." It is not pro-
vided that the direction as to the investment of the proceeds
shall be included in the decree for the sale of the land. There
is nothing in the statute to suggest that the omission of such
a direction from the decree of sale would affect the validity
of the decree or of the title conveyed under its terms. It is,
of course, intended by the Act that the fund arising from the
sale shall be invested. But this requirement is concerned
with the application of the purchase money. The perform-
ance of the duty imposed upon the court to direct the invest-
ment of the fund is not made one of the conditions upon
which the authority to decree a sale may be exercised. If an
error is committed in regard to the disposition of the pro-
ceeds of sale, it is subject to correction on appeal or bill of
review. But such an error does not impair the rights of a
purchaser under a decree of sale passed in a case in which
the jurisdiction of the court has been effectually invoked.
*Rosenzwog* v. *Gould,* 131 Md. 209; *Long* v. *Long,* 62 Md.
33. In *Newbold* v. *Schlens,* 66 Md. 590, the principle was
said to be too firmly settled to be questioned, that "even if
the decree could be reversed for errors or irregularities,
whether in respect to the evidence or otherwise, provided the
court had acquired jurisdiction to pass the decree, a pur-
chaser in good faith under the decree, while it was subsisting
and binding the parties thereto, will not be affected by such

reversal." It is also a well established general rule that a purchaser at a judicial sale, who has fully paid the purchase money, is not required to concern himself with its subsequent application. *Keister* v. *Scott,* 61 Md. 507; *Van Bokkelen* v. *Tinges,* 58 Md. 53; 16 *R. C. L.* 118.

In this instance the purpose for which the proceeds of sale were used could not accurately be described as an investment. It was simply the discharge of an existing liability. But this appropriation of the fund had the effect of preserving the home and protecting the property interests of all the parties to the cause. It resulted in more important benefits to them and the estate than a regular investment of the money would have produced. Under the special circumstances of the case we are unwilling to declare void the decree passed, and the title purchased, in the former proceeding, because of the object to which the fund realized from the sale was applied. The objection thus urged against the title is not sufficiently jurisdictional to require such a decision.

The same objections we have considered were raised and overruled about ten years ago in the lower court in a specific performance case, between other parties, relating to a transfer of the title to the property here involved, but no appeal was taken from the decision in that case.

> *Order affirmed, the costs in this Court to be paid equally by the appellant and the appellees, and the costs in the court below to be paid out of the proceeds of sale as provided by the orders of that court.*